Centrum Prime Meats, Inc., Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Argued June 11, 1982, before Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Lawrence J. Richette,* for appellant.

*Gary F. DiVito,* Associate Counsel, with him *J. Leonard Langan,* Chief Counsel, for appellee.

OPINION BY JUDGE WILLIAMS, JR., February 4, 1983:

This case involves an appeal from a common pleas court determination that the Pennsylvania Liquor Control Board (Board) did not abuse its discretion when it denied an application for a liquor license transfer under the pertinent provisions of Section 404 of the Pennsylvania Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-404.[1]

In February, 1980, The Walnut Tree, Inc. applied for the transfer of an Eating Place Retail Dispenser License,[2] to be used at The Corner, a delicatessen located at 1034 Spruce Street, Philadelphia, Pennsylvania. That application was approved by the Board effective August 6, 1980. On April 15, 1980, Centrum

---

[1] The pertinent portion of 47 P.S. §4-404 is as follows:

Provided, however, That in the case of any new license or the transfer of any license to a new location the board may, in its discretion, grant or refuse such new license or transfer if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, or public playground, or . . . within two hundred feet of any premises which is licensed by the board . . . And provided further, That the board shall refuse any application for a new license or the transfer of any license to a new location if, *in the board's opinion,* such new license or transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of five hundred feet of the place proposed to be licensed. . . . (Emphasis added.)

[2] *See* 47 P.S. §§1-102 and 4-432.

Prime Meats, Inc. (applicant) had filed an application, on a prior approval basis,[3] for a similar license transfer, to be used at 239-241 South 10th Street, Philadelphia, around the corner from The Corner delicatessen. A hearing on that application was held August 5, 1980, and the Board refused to grant the license transfer by order dated September 15, 1980.

The Board made three findings of fact[4] relative to that denial: (1) the applicant's premises are within 200 feet of other licensed establishments, (2) the said premises are within 300 feet of the Jefferson Hospital and the Wills Eye Hospital, and (3) granting the license would have an adverse effect on the welfare, health, peace, and morals of the neighborhood within a radius of 500 feet of the premises. The applicant appealed that decision to the common pleas court, which heard the appeal de novo.[5] At the hearing, the applicant presented no witnesses;[6] the record consists of the testimony of the Commonwealth's witnesses, who were extensively cross-examined by applicant's attor-

---

[3] Under a prior approval application, affirmation of the application guarantees the applicant issuance or transference of his license *after* his premises are brought into conformance with existing statutory requirements. *Liquor Control Board v. Rauwolf*, 3 Pa. Commonwealth Ct. 95, 281 A.2d 205 (1971).

[4] The third "finding" of the Board is actually a mixed question of law and fact referred to in the statute as "the Board's opinion." *See* N. 1, *supra*.

[5] 47 P.S. §4-464, reads in pertinent part:

The court shall hear the application de novo on questions of fact, administrative discretion and such other matters as are involved, at such time as it shall fix, of which notice shall be given to the board. The court shall either sustain or over-rule the action of the board and either order or deny the issuance of a new license or the removal or transfer of the license to the applicant.

[6] Applicant did present witnesses before the Board hearing examiner, and the record from that hearing was included in the record before the common pleas court by stipulation of the parties.

ney, the notes of testimony made before the Board hearing examiner, and various letters, documents, and signed petitions, both favoring and protesting the application. When the common pleas court decided that the Board had not exceeded its statutorily granted discretion in denying the license transfer, an appeal was filed in this Court.

Applicant argues before us: (1) that the Board was guilty of invidious discrimination because it approved a similar license transfer to The Corner deli, filed only two months prior to the applicant's; (2) that the determination of the Board that the health, welfare, and morals of the community would be adversely affected was not suported by the evidence; (3) that the Board abused its discretion and violated applicant's due process rights by burying within its decision its submission to political pressures brought to bear by the elected officials of the affected neighborhood; and (4) that the common pleas court erred as a matter of law.

Our scope of review is directed toward a determination of whether the common pleas court committed an error of law, abused its discretion, or issued an order unsupported by sufficient evidence of record. *New Sorrento, Inc. v. Liquor Control Board,* 64 Pa. Commonwealth Ct. 422, 440 A.2d 676 (1982).

In making its decision, the common pleas court considered and summarized the testimony presented to it by the Commonwealth's five witnesses, four of whom live within 500 feet of the applicant's establishment. The gravamen of their collective objection was that the already undesirable concentration of derelicts, prostitutes, rowdy young people, trash, and criminal activities in the vicinity, would ostensibly be exacerbated by approval of the application. One neighborhood protestant, in addition to being a resident is a member of the Board of Directors of the Washington

Square West Project Area Committee (PAC)[7] and vice-president of the Washington Square West Civic Association (Civic Association).[8] In his representative capacities he testified concerning a resolution which had been passed at a meeting held by the Boards of Directors of both neighborhood organizations opposing the application presently before this Court. As a private citizen, he offered his own disapproval and a petition objecting to the license transfer containing thirty-three relevant signatures. It is noteworthy that two of the members of the same PAC Board of Directors are owners of The Corner delicatessen, whose application was approved, contemporaneous with this applicant's hearing, without opposition.

The only Commonwealth witness not residing within 500 feet of the applicant's premises was the state representative for that district, whose testimony pertained to his own opposition to the transfer, to his electorate's opposition, and to a letter which he had written in his representative capacity to the Board, voicing that opposition, and urging the denial of the application.

The testimony and that letter, constitute the *only* evidence of record for the statement of the Board, in its opinion, that it had received letters "from a State Senator, a member of the State House of Representatives, a City Councilman and the Assistant Solicitor" opposing the license transfer.

Because this Court perceives that this violated the applicant's fundamental due process rights and that it was an error of law for the common pleas court to con-

---

[7] Testimony describing PAC leads this Court to believe that it is the organization which fulfills the Citizen Participation Requirements of 24 C.F.R. §570.303, pertinent to the use of federal funds for neighborhood rehabilitation.

[8] The applicant's grocery store is in the area from which both these organizations draw their constituencies.

clude that same was not an abuse of discretion, we are constrained to reverse. In *Mielcuszny v. Rosol*, 317 Pa. 91, 93, 176 A. 236, 237 (1934), the Pennsylvania Supreme Court described an abuse of discretion as encompassing errors of judgment, overriding or misapplying the law, a manifestly unreasonable exercise of judgment, or a final result that evidences partiality, prejudice, bias, or ill will. One of the most basic tenets of our system of jurisprudence is the unassailable right of an individual to challenge evidence presented against his suit. When the Board denied the applicant his license transfer based, in some part, upon the aforesaid letters, not of record, it overrode the law. This Court cannot countenance such action.

Of the communications above-listed, one unsigned letter from the area state representative to the chairman of the Board is included in the record, as previously mentioned. Dated May 13, 1980, it reiterates the objections of the community to transfer and voices personal objections. Among the stated concerns of the community are increased pedestrian and vehicular traffic and the promotion of further disturbances in the area. When the writer was asked before the common pleas court why he had not drafted such a letter to oppose the *then-pending* license application of The Corner deli restaurant, the representative responded that among his reasons were:

> The owner of the restaurant had run against me twice in the Legislature and in (sic) indeed, was fighting me bitterly in a primary fight that was going on at that time. And the Wards of the committee opposing my candidate despite that, a good deal of personal animosity. (sic)

Considering the very narrow factual matrix of this case, wherein (1) two applications for the same type of license in the same neighborhood were simultaneously pending before the Board; (2) members of the board

of directors of the local community group which "advised" the Board concerning its decisions owned interests in one of the applicants; (3) personal political considerations motivated a local elected official to oppose *only one* of two applicants for the reason that another license would increase undesirable neighborhood traffic; (4) the Board failed to make any findings of fact which would enable a reviewing Court to ascertain why, in its opinion, one applicant would have an adverse effect on the neighborhood but the other apparently would not, and (5) the Board egregiously violated both due process and its own regulations[9] by considering evidence not of record, we therefore conclude that the common pleas court committed an error of law[10] when it determined that the Board did not abuse its discretion.

Order reversed.

### ORDER

AND NOW, this 4th day of February, 1983 the order of the Court of Common Pleas of Philadelphia County dated May 20, 1981, docketed at No. 80-10-2414 is hereby reversed. This Court remands the case to the Liquor Control Board, and instructs the Board to grant the requested license.

[9] *See:* 40 Pa. Code §3.12 wherein the required Notice of Hearing is published. The last sentence of that notice states: "A protest is not considered valid unless the protestant appears and testifies at the hearing."

[10] Because this issue is dispositive of the appeal, we do not address the other questions raised.