Timothy B. RICHARDS

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 29, 2000.

Decided Jan. 26, 2001.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Shawn M. Stevenson, Pittsburgh, for appellee.

Before COLINS, J., PELLEGRINI, J. and McCLOSKEY, Senior Judge.

COLINS, Judge.

Before the Court is the appeal of the Department of Transportation, Bureau of Driver Licensing (Bureau) from the decision of the Court of Common Pleas of Allegheny County (common pleas court). The common pleas court sustained the

statutory appeal of Timothy B. Richards (Richards) from the Bureau's three-month suspension of his motor vehicle registration pursuant to 75 Pa.C.S. § 1786(d).[1]

By official notice dated and mailed June 4, 1999, the Bureau notified Richards that his driving privilege was suspended for a three-month period for failure to produce proof of financial responsibility on September 24, 1991 pursuant to Section 1786(d) of the Vehicle Code, 75, Pa.C.S. § 1786(d). Richards filed a statutory appeal from the three-month suspension with the Court of Common Pleas of Allegheny County.

On October 21, 1999, the common pleas court conducted a hearing *de novo*, at which the Bureau attempted to move into evidence a packet of documents establishing Richards' conviction under 75 Pa.C.S. § 1786(f) for operation of a motor vehicle without required financial responsibility on September 24, 1991. The packet of documents was purportedly signed and sealed by the Secretary of Transportation and the Director of Bureau Licensing and purportedly certified in compliance with 42 Pa.C.S. §§ 6103 [2] and 6109.

At the hearing, Richards did not present any evidence. However, his counsel objected to the certified set of documents because the conviction date was incorrect. Richards' counsel stated that he needed "to subpoena a witness from Pittsburgh Traffic Court to confirm their report with the conviction of, 11–16–98." (Trial Transcript from October 21, 1999, p. 4.) A thirty-day continuance was granted in order to establish that the electronic submission sent to the Bureau by the Pittsburgh Traffic Court was incorrect. The parties reconvened on December 2, 1999. In re-

sponse to Richards' objections, the Bureau stipulated that the conviction report was inaccurate insofar as the date of conviction was on July 17, 1998, not November 16, 1998.

In its abbreviated opinion, the common pleas court found that "the admission of the certified documents which demonstrated the underlying conviction [was] based on incorrect information contained within them." (Trial Court Opinion.) The common pleas court concluded that the documents were "fatally flawed," and based thereon sustained Richards' appeal.

■■■ On appeal to this Court, the Bureau contends that the common pleas court erred as a matter of law in sustaining Richards' appeal. Our scope of review of a common pleas court's order sustaining a statutory appeal is limited to determining whether the common pleas court's findings of fact are supported by substantial evidence, and whether the common pleas court made an error of law or committed an abuse of discretion in coming to a decision. *O'Hara v. Department of Transportation, Bureau of Motor Vehicles*, 691 A.2d 1001 (Pa.Cmwlth.1997), *affirmed*, 551 Pa. 669, 713 A.2d 60 (1998). The Bureau argues that it was not required to prove the specific date of Richards' conviction, rather it needed to prove that Richards operated his vehicle while it was not covered by financial responsibility. The Bureau further asserts that the Bureau and Richards agreed to the correct date of the conviction on the record, and therefore, the common pleas court had no reason not to admit the packet of documents.

To the contrary, Richards contends that the Bureau did not meet its burden of

1. Section 1786(d), part of the Motor Vehicle Financial Responsibility Law (Vehicle Code), requires the Department of Transportation (Department) to suspend for three months the registration of any motor vehicle for which the Department has determined that the financial responsibility coverage mandated by 75 Pa.C.S. § 1786(a) has lapsed.

2. 42 Pa.C.S. § 6103 provides in pertinent part:

(a) General rule.—An official record kept within this Commonwealth by any court, district justice or other government unit, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that the officer has the custody.

proof in justifying a license suspension pursuant to Section 1786(d) of the Vehicle Code. He asserts that an agreement was made only to the fact that the conviction was inaccurate and that he never stipulated to the fact that he was convicted of violating 75 Pa.C.S. § 1786(f).

█ In order to sustain a suspension of a licensee's operating privilege pursuant to Section 1786(d) of the Vehicle Code, the Bureau must prove the following: the vehicle was required to be registered in the Commonwealth, financial responsibility was not maintained for the vehicle, and licensee operated the vehicle while it was not covered by financial responsibility. *Fine v. Department of Transportation, Bureau of Driver Licensing,* 694 A.2d 364 (Pa.Cmwlth.1997). An integral part of satisfying the Bureau's burden is producing an official record of the conviction to support the suspension. *Department of Transportation, Bureau of Driver Licensing v. Tarnopolski,* 533 Pa. 549, 626 A.2d 138 (Pa.Cmwlth.1993). In the present case, while there was an error as to the exact date of Richards' conviction in the certified packet of documents, we do not find this fatal to proving the necessary elements of a suspension of a licensee's operating privilege pursuant to a violation of Section 1786(d) of the Vehicle Code.

Once the Bureau entered the certified record into evidence, it recreated a rebuttable presumption that Richards was convicted of the offense. *Mateskovich v. Department of Transportation, Bureau of Driver Licensing,* 755 A.2d 100 (Pa. Cmwlth.2000). We noted in *Department of Transportation, Bureau of Driver Licensing v. Diamond,* 151 Pa.Cmwlth. 351, 616 A.2d 1105 (1992), *appeal dismissed,* 539 Pa. 382, 652 A.2d 826 (1995), "[l]ike all endeavors in which humans engage, ... [the Bureau's] records are not infallible." As such, once the Bureau introduced, via certified record, evidence of a conviction, the licensee is at liberty to introduce evidence that tends to refute the information contained in the Bureau's certified driving record. *Id.* (a certified copy of an acquittal is sufficiently clear and convincing to rebut the presumption of a conviction that arises from the introduction of the Bureau's certified packet).

Richards did not present any evidence suggesting that he was never convicted. Instead, he argued that the date of conviction in the report was inaccurate. Richards' counsel admitted on record that the conviction date itself was wrong. Specifically, his counsel stated that the Supervisor of Pittsburgh Traffic Court admitted to the Bureau's counsel that Pittsburgh Traffic Court "screwed up the conviction date in July, but certified it in November." (Trial Transcript from December 2, 1999 p. 4.) Therefore, we do not find the certified packet of documents "fatally flawed" because the incorrect date of conviction was a minor error and was acknowledged by both parties.

Accordingly, we reverse the common pleas court's order and direct the Bureau to reinstate the three-month suspension of Richards' driving privilege.

### ORDER

**AND NOW,** this 26th day of January 2001, the order of the Court of Common Pleas of Allegheny County is the above-captioned matter is **reversed.**