**James KOVALCIN, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 2, 2001.

Decided July 26, 2001.

---

Joseph J. Yeager, Forty Fort, for appellant.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellee.

Before SMITH J., FRIEDMAN, J., and McCLOSKEY, Senior Judge.

SMITH, Judge.

James Kovalcin (Kovalcin) appeals from the August 23, 2000 order of the Court of Common Pleas of Luzerne County that dismissed his appeal of a one-year suspension of his commercial driving privileges by the Department of Transportation, Bureau of Driver Licensing (Department) pursuant to Section 1611(a)(3) of the Uniform Commercial Driver's License Act (UCDLA), *as amended,* 75 Pa.C.S. § 1611(a)(3), for his conviction in West Virginia on May 26, 1999 of leaving the scene of an accident. Kovalcin contends that the trial court erred in dismissing his appeal because the Department did not present sufficient evidence of a conviction, which would require the suspension of his license.

By letter dated March 16, 2000, the Department notified Kovalcin that as a result of his conviction on May 26, 1999 of violating "Section 3743 of the Vehicle Code [75 Pa.C.S. § 3743] leaving the scene of an accident," the Department would suspend his commercial driver's license for a period of one year as mandated by Section 1611(a) of the UCDLA.[1] The trial court admitted into evidence, over objection, a number of documents signed and sealed by the Secretary of Transportation and by the Director of the Bureau of Driver Licensing. Those documents established Kovalcin's conviction on May 26, 1999 of violating West Virginia Code § 17C–4–2 on May 21, 1999, and they included the Official Notice of Disqualification, the Uniform

---

1. Section 1611(a) of the UCDLA provides as follows:

   **Disqualification for first violation of certain offenses.**—Upon receipt of a certified copy of conviction, the department shall, in addition to any other penalties imposed under this title, disqualify any person from driving a commercial motor vehicle for a period of one year for the first violation of:

   . . . .

   (3) section 3743 (relating to accidents involving damage to attended vehicle or property), where the violation occurred while the person was driving a commercial vehicle.....

Traffic Citation and Complaint No. 33662 with Abstract of Court Record indicating Kovalcin's payment of a $77 fine and a copy of his driving record. The Department offered the abstract of the West Virginia conviction pursuant to Section 1550(d) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1550(d).[2] Neither side presented testimony.

The trial court determined that Kovalcin was convicted in West Virginia and that the Department suspended his license pursuant to Section 1611(a)(3) of the Vehicle Code. The trial court rejected Kovalcin's contention that the Driver's License Compact (Compact), Section 1581 of the Vehicle Code, 75 Pa.C.S. § 1581, applied to this case and that the Department's abstract of the West Virginia record did not comply with the conviction reporting requirements of Section 1581. The trial court noted that even if the Compact did apply, the citation contained a plethora of information which satisfies the reporting requirements, including, inter alia, identity of the person convicted, description of the violation, court in which the conviction occurred and whether a guilty plea was entered.

■ Appellate review of the trial court's order is limited to determining whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Xenakis v. Department of Transportation, Bureau of Driver Licensing,* 702 A.2d 572 (Pa. Cmwlth.1997). The only relevant issues before the Court in this license suspension appeal are whether Kovalcin was convicted and whether the Department acted pursuant to applicable law. *Aten v. Department of Transportation, Bureau of Driver Licensing,* 168 Pa.Cmwlth. 251, 649 A.2d 732 (1994).

■ Kovalcin contends that the trial court improperly dismissed his appeal because the documents admitted by the court did not amount to a certified copy of his conviction as required by Section 1611(a) of the UCDLA. Kovalcin argues that because Chapter 16 is silent as to what constitutes a "conviction," this Court should look to the requirements of the Driver's License Compact as to what information is necessary to provide proper notice regarding his conviction. He contends that the only information in the record amounts to the date appearing on the citation, the amount of the fine paid and a name next to the words "deputy clerk" and that this information is insufficient to sustain the Department's burden to establish a conviction.

The Department responds that the trial court correctly concluded that the Compact did not apply because Kovalcin's commercial driving privileges were suspended pursuant to the UCDLA and not to the Compact. Furthermore, the documents

---

**2.** Section 1550(d) of the Vehicle Code provides as follows:

**Documentation.—**

(1) In any proceeding under this section, documents received by the department from the courts or administrative bodies of other states or the Federal Government shall be admissible into evidence to support the department's case. In addition, the department may treat the received documents as documents of the department and use any of the methods of storage permitted under the provisions of 42 Pa.C.S. § 6109 (relating to photo-graphic copies of business and public records) and may reproduce such documents in accordance with the provisions of 42 Pa.C.S. § 6103 (relating to proof of official records). In addition, if the department receives information from courts or administrative bodies of other states or the Federal Government by means of electronic transmission, it may certify that it has received the information by means of electronic transmission and that certification shall be prima facie proof of the adjudication and facts contained in such an electronic transmission.

admitted by the trial court established that Kovalcin was convicted of leaving the scene of an accident, which requires a one-year suspension in Pennsylvania of his commercial driving privileges. The Department agrees that the definitions section of the UCDLA, Section 1603, *as amended,* 75 Pa.C.S. § 1603, does not define the word "conviction" and that, as a result, the general driver licensing provisions of the Vehicle Code should apply. The Department asserts that the Court should look most specifically to Section 6501 of the Vehicle Code, *as amended,*[3] which defines a conviction.

The Department's documentary evidence was sufficient to establish a rebuttable presumption that Kovalcin had been convicted on May 26, 1999 of leaving the scene of an accident. *See Richards v. Department of Transportation, Bureau of Driver Licensing,* 767 A.2d 1133 (Pa. Cmwlth.2001). Absent any testimony from Kovalcin rebutting that presumption, the Department sustained its burden of proof. *Id.* Section 6501 of the Vehicle Code clearly provides that payment of the prescribed fine constitutes a guilty plea, which is sufficient to establish a conviction. *See also Aten* (licensee's payment of the required fine constitutes a guilty plea resulting in conviction of the offense charged). Because the trial court did not err in admitting the Department's exhibits, in determining that Kovalcin was convicted of violating Section 3743 of the Vehicle Code and in ruling that his suspension was governed by provisions of the UCDLA, the Court affirms the order of the trial court.

**3.** 75 Pa.C.S. § 6501 (Definition of conviction), which provides, in part:

   **(b) Payment of fine as guilty plea.**—A payment by any person charged with a violation of this title of the fine prescribed for the violation is a plea of guilty.

   **(c) Certified record of convictions.**—For the purpose of this title, a certified record of conviction includes a certified record of conviction from any Federal or state court and a certified record of administrative adjudication from any state. These records or copies of these records shall be admissible in any court of law without any need for further documentation.

## ORDER

AND NOW, this 26th day of July, 2001, the order of the Court of Common Pleas of Luzerne County is hereby affirmed.