### Richard A. RUTKOWSKI

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 21, 2009.

Decided Dec. 24, 2009.

Reconsideration Denied En Banc Feb. 18, 2010.

---

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Meagan Bilik DeFazio, Greensburg, for appellee.

BEFORE: PELLEGRINI, Judge, LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge LEAVITT.

The Pennsylvania Department of Transportation, Bureau of Driver Licensing (Department), appeals an order of the Court of Common Pleas of Westmoreland County (trial court), which allowed Richard A. Rutkowski (Licensee) to appeal his driver license suspension on a *nunc pro tunc* basis. The Department contends that the trial court abused its discretion in allowing his appeal because Licensee failed to prove that fraud or a breakdown in the administrative or judicial process had occurred. On the merits, the Department argues that its documentary evidence of Licensee's driving history proved a violation of the financial responsibility requirements of the Vehicle Code.

The relevant facts are not in dispute. Licensee has a long history of driving citations dating back to 1977, including, *inter alia,* five incidents of speeding and four counts of driving without a valid license. On July 14, 2008, Licensee was cited for various traffic offenses: driving an unregistered vehicle; operating a vehicle without an inspection certificate; operating a vehicle without the required financial responsibility; and failure to carry a registration card. Licensee was convicted of these offenses on August 14, 2008. It is his conviction for failure to prove financial responsibility under Section 1786(f) of the Vehicle Code[1] that is at issue in this case.

On August 22, 2008, the Department sent Licensee a Notice of Suspension advising him as follows:

> Your driving privilege is scheduled to be suspended on 09/26/2008, because you failed to produce proof of financial responsibility on 07/14/2008, the date of your traffic offense.
>
> 1. Your driving privilege will be suspended for three months effective 09/26/2008 at 12:01 A.M. as authorized by Section 1786(d) of the Vehicle Code.[2]

---

1. Section 1786(f) states that "[a]ny owner of a motor vehicle for which the existence of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle or permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this chapter." 75 Pa.C.S. § 1786(f).

2. Section 1786(d) provides, in relevant part:
 (1) The Department of Transportation shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial

responsibility. The operating privilege shall not be restored until the restoration fee for operating privilege provided by section 1960 (relating to reinstatement of operating privilege or vehicle registration) is paid.

\* \* \*

(4) Where an owner or registrant's operating privilege has been suspended under this subsection, the owner or registrant shall have the same right of appeal under section 1550 (relating to judicial review) as provided for in cases of suspension for other reason. The court's scope of review in an appeal from an operating privilege suspension shall be limited to determining whether:
(i) the vehicle was registered or of a type required to be registered under this title; and

Reproduced Record at 6a (R.R. ___). The notice of suspension included a standard notice that Licensee had the right to appeal "within 30 days of the mail date, August 22, 2008, of this letter." R.R. 7a. Accordingly, the deadline for the suspension appeal was September 22, 2008.

On September 4, 2008, Licensee appealed his August 14, 2008, conviction for failing to produce proof of financial responsibility. In addition, by letter of August 15, 2008, Licensee's counsel requested the Department to defer Licensee's suspension until his conviction appeal was decided. The Department denied the delay request by letter dated September 23, 2008, one day after the appeal period had run. Licensee's counsel received the Department's denial on September 29, 2008, and on the next day she petitioned the trial court for leave to appeal Licensee's license suspension *nunc pro tunc.*

On October 3, 2008, the trial court held a hearing on Licensee's *nunc pro tunc* petition. Licensee's attorney stated that she requested the delay of suspension because, otherwise, Licensee's conviction appeal would have been rendered meaningless. Counsel described filing a request for delay along with the summary conviction appeal as "our normal course." Notes of Testimony (N.T.) October 3, 2008, at 2; Reproduced Record at 10a (R.R. ___). The Department's counsel agreed that "ordinarily in a summary situation, that would be sufficient." *Id.* He explained further

> (ii) the owner or registrant operated or permitted the operation of the same vehicle when it was not covered by financial responsibility. The fact that an owner, registrant or operator of the motor vehicle failed to provide competent evidence of insurance or the fact that the department received notice of a lapse, termination or cancellation of insurance for the vehicle shall create a presumption that the vehicle lacked the requisite finan-

that where a driver's license is suspended for failure to produce proof of financial responsibility, "[the parties] can still proceed through testimony," notwithstanding the outcome of the appeal of the conviction. The Department did not offer any reason for departing from its normal practice to defer Licensee's suspension.[3] The Department also did not explain why it waited over 30 days to respond to Licensee's request to postpone the suspension.

At the conclusion of the October 3, 2008, hearing, the trial court granted Licensee's request for *nunc pro tunc* relief. The trial court scheduled a hearing for December 12, 2008, on the merits of Licensee's suspension. However, the Department's witness, the police officer who cited Licensee on July 14, 2008, did not appear at the December hearing. The suspension hearing was continued to March, at the Department's request.

On March 6, 2009, the trial court conducted the rescheduled hearing. Without objection, the following certified documents were admitted into evidence: (1) a copy of the Notice of Suspension; (2) a copy of a "Conviction Detail" showing Licensee's conviction on August 14, 2008, of violating 75 Pa.C.S. § 1786(f); and (3) Licensee's Certified Driving Record. Neither the Department nor Licensee presented any evidence of whether Licensee actually had insurance, the usual way to secure financial responsibility, on July 14, 2008, the date of the citation.

> cial responsibility. This presumption may be overcome by producing clear and convincing evidence that the vehicle was insured at the time that it was driven.
>
> 75 Pa.C.S. § 1786(d)(1), (4).

**3.** It may have been Licensee's long history of driving citations or the nature of the offense, *i.e.,* failure to produce proof of financial responsibility, that prompted the Department's decision. It is a matter of speculation.

Also as part of its case-in-chief, the Department intended to call as its witnesses both Licensee and Pennsylvania State Trooper Gerald K. Helmick, the officer who had also failed to appear at the December hearing. However, Trooper Helmick did not appear at the March hearing, even though he had been notified by the Department to appear.[4] Licensee was not present because of a demanding medical situation in his family.[5] Licensee's counsel argued that the trial court should not allow another continuance. The trial court agreed and sustained Licensee's license suspension appeal for lack of evidence.

In its opinion, the trial court explained its rationale for granting the *nunc pro tunc* appeal, noting that it found Licensee's request that the Department defer his suspension was "reasonable considering [that] an appeal had been taken of the summary offense that formed the basis of the suspension." Trial Court Opinion at 2; R.R. 49a. The court also emphasized that

> (1) [Licensee's] counsel made an early request for a delay in the suspension of [Licensee's] license and ... [the Department] did not respond in a reasonable time period; [and] (2) [Licensee] immediately filed the appeal after receipt of [the Department's] letter denying the delay of the suspension.

Trial Court Opinion at 3; R.R. 50a. With respect to the merits of Licensee's suspension appeal, the trial court noted that the conviction, which served as the basis of the license suspension, had been dismissed on January 5, 2009. The trial court learned of this dismissal by obtaining the case file

from the Westmoreland County Clerk of Courts; the dismissal was placed into the license suspension record. The trial court explained that "[i]n all fairness there should hardly be a suspension for an alleged violation that was dismissed.... The interests of justice favor" Licensee. *Id.* The Department now petitions for this Court's review.

On appeal, the Department raises two issues. First, the Department contends that the trial court abused its discretion by allowing Licensee to appeal his license suspension *nunc pro tunc* because there was no evidence to support the trial court's grant of the request. Second, and alternatively, the Department argues that the evidence does not support the trial court's conclusion that there was no basis for a license suspension. It contends that it was improper for the trial court to undertake its own investigation of the court's records, in which it discovered that Licensee's conviction for driving without proof of financial responsibility had been dismissed. Instead, the trial court should have relied on Licensee's driving record, which was admitted and showed a conviction for failure to comply with the financial responsibility requirement of the Vehicle Code.

 In support of its first issue, the Department claims that the trial court should not have granted Licensee's *nunc pro tunc* petition because Licensee did not prove that "fraud or an administrative [or judicial] breakdown cause[d] the delay in filing the appeal." *Baum v. Department*

---

4. The Department contended that it mailed to Trooper Helmick the necessary notice to appear at both the December 12 and March 6 hearings. Additionally, the Department stated that it "issued [Helmick's] commanding officer a notice to attend" the March 6 hearing. N.T., March 6, 2009, at 4–5; R.R. 21a–22a. Finally, the Department's counsel also

advised the court that he "e-mailed Trooper Helmick about" the March 6 hearing. *Id.*

5. Licensee's attorney stated that she chose to waive Licensee's appearance at the March 6, 2009, hearing because he "and his wife [had] an infant child on a respirator at home." N.T., March 6, 2009, at 6; R.R. 23a.

of Transportation, Bureau of Driver Licensing, 949 A.2d 345, 348 (Pa.Cmwlth. 2008). To reverse the grant or denial of *nunc pro tunc* relief, the appellate court must find that the trial court abused its discretion. *Id.* at 347 n. 5 (citing *Nardy v. Department of Transportation, Bureau of Driver Licensing,* 142 Pa.Cmwlth. 388, 597 A.2d 288, 290 (1991)). Abuse of discretion represents "a manifestly unreasonable exercise of judgment, or a final result that evidences partiality, prejudice, bias, or illwill." *Centrum Prime Meats, Inc. v. Pennsylvania Liquor Control Board,* 71 Pa.Cmwlth. 560, 455 A.2d 742, 745 (1983) (citing *Mielcuszny v. Rosol,* 317 Pa. 91, 93, 176 A. 236, 237 (1934)).

■ The Department contends that Licensee presented no evidence at the hearing to support *nunc pro tunc* relief. We disagree. At the hearing, Licensee's counsel stated, and the Department's counsel agreed, that it was routine for the Department to postpone a driver's license suspension where an appeal of the conviction underlying the suspension was pending. In effect, the exchange between counsel at the *nunc pro tunc* hearing constituted a factual stipulation about the Department's practices with respect to a request for a delay in effecting a license suspension.

The Department next contends that *Baum* is controlling. In *Baum,* the licensee was convicted of failing to produce proof of financial responsibility. On March 20, 2007, the licensee received a letter from the Department that her operating privilege would be suspended for three months. On April 2, 2007, licensee's counsel appealed her conviction and mailed a letter to the Department, requesting a delay in the license suspension. Licensee's counsel received the Department's letter denying the request to delay suspension on April 23, 2007, three days after the 30–day period to appeal the license suspension had expired.

Licensee petitioned the trial court for leave to proceed *nunc pro tunc,* alleging that:

(1) the Department routinely grants delays of suspensions; (2) licensee would have filed a timely appeal of the notice of suspension if the Department had responded to her delay request in a timely manner; and (3) '[t]here was no way to anticipate that the Department would take a legal position contrary to the plain meaning of [Section 1786].'

*Baum,* 949 A.2d at 347. The trial court denied licensee's petition, and this Court affirmed.

In so holding, this Court reasoned that licensee "was neither unaware of when the thirty-day appeal period would expire, nor was she prevented in any manner from filing her appeal within that period. Rather, Licensee failed to perfect an appeal within that time period" of 30 days. *Id.* at 349. Additionally, there was "absolutely no allegation that the Department acted in any manner to preclude [l]icensee from filing her appeal within the thirty-day appeal period." *Id.* at 349–50. Therefore, this Court affirmed the trial court's decision denying licensee leave to proceed *nunc pro tunc* because licensee could have, and ultimately should have, filed a timely suspension appeal.

Licensee argues that *Baum* is distinguishable because he is claiming "that the Department acted in a manner to preclude him from filing" his official appeal of the license suspension within the requisite 30 days. *Baum,* 949 A.2d at 349–350. He argues that the Department purposely sat on his counsel's request for more than 30 days, waiting until after the suspension appeal period had expired to respond. In this way, the Department prevented Licensee from filing a timely appeal.

■ We agree with Licensee that *Baum* is distinguishable from the case at bar. Although the two cases are factually and procedurally similar, the trial court in *Baum* denied the licensee's request to appeal *nunc pro tunc,* whereas the trial court in the present case granted the request. Abuse of discretion is a deferential standard. There was no record on which to question the trial court's exercise of discretion in *Baum,* only the allegations in the licensee's petition. Here, by contrast, the trial court essentially had a stipulation of fact by the parties that the Department routinely grants a delay of suspension when the underlying conviction is being appealed. Moreover, the trial court inferred from the stipulated facts that the Department deliberately waited to respond to Licensee's delay request until day 31 of the suspension appeal period. The trial court suggested as much in its opinion when it emphasized that "[Licensee's] counsel made an early request for a delay in the suspension of [Licensee's] license and ... [the Department] did not respond in a reasonable time period." Trial Court Opinion at 3; R.R. 50a. In short, on the record before us, we cannot say that the trial court abused its discretion by allowing Licensee to appeal *nunc pro tunc.*

On the merits, we must affirm the trial court's decision granting Licensee's license suspension appeal because the Department did not provide *prima facie* evidence of Licensee's violation of Section 1786(f) of the Vehicle Code.

■ This Court has found that, in order to sustain a suspension of a license's operating privilege under Section 1786(d) of the Vehicle Code, the Department must prove (1) the vehicle was required to be registered in the Commonwealth; (2) financial responsibility was not maintained for the vehicle; and (3) the licensee operated the vehicle while it was not covered by the required financial responsibility. 75 Pa.C.S. § 1786(d)(4)(i)-(ii); *Dubolino v. Department of Transportation, Bureau of Driver Licensing,* 816 A.2d 1200, 1202 (Pa. Cmwlth.2002) (citing *Richards v. Department of Transportation, Bureau of Driver Licensing,* 767 A.2d 1133, 1135 (Pa. Cmwlth.2001)). "[T]he Department is not required to introduce proof of a summary conviction under Section 1786(f) in order to establish its prima facie case supporting a suspension" and "may introduce evidence independent of the criminal charges ... to establish its prima facie case." *Baum,* 949 A.2d at 349 n. 7.

■■ The Department did not make a *prima facie* case. Its evidence consisted solely of Licensee's Conviction Detail and Certified Driving Record, which prove only that the Department cited Licensee for failure to produce proof of financial responsibility. These records do not specifically show that the vehicle lacked the requisite financial responsibility. While the Department attempted to call both Trooper Helmick[6] and Licensee as witnesses, the Department failed to subpoena those witnesses. Further, the Department did not produce any documents, either from Licensee or from his automobile insurance company, to show that he lacked the requisite financial responsibility on July 14, 2008.

For all of the foregoing reasons, we affirm the trial court.

---

**6.** Trooper Helmick's testimony, on its own, would not have sufficed to meet the Department's *prima facie* case because he only would have been able to testify that he cited Licensee on July 14, 2008, for his failure to produce proof of financial responsibility. This is not evidence of whether Licensee actually maintained financial responsibility on the day in question.

## ORDER

AND NOW, this 24th day of December, 2009, the order of the Court of Common Pleas of Westmoreland County dated March 6, 2009, and filed March 18, 2009, in the above-captioned matter is hereby AFFIRMED.

## DISSENTING OPINION BY Judge PELLEGRINI.

Because I disagree with the majority that the trial court has discretion to grant a *nunc pro tunc* appeal when a licensee fails to timely file an appeal from a notice of suspension, I respectfully dissent.

On July 14, 2008, Richard Rutkowski (Licensee) was convicted for operating a vehicle without the required financial responsibility. On August 22, 2008, the Department of Transportation, Bureau of Driver Licensing (Department) sent him a notice of suspension advising him that his driving privilege was being suspended for three months and that he had 30 days from the date of the notice to file an appeal. The deadline date to file an appeal was September 22, 2008. Instead of filing an appeal, on September 4, 2008, he wrote the Department requesting it to defer his suspension until his conviction appeal was decided. The Department denied his request by letter dated September 23, 2008, one day after the appeal period had run for filing an appeal from the suspension of his driving privilege, which Licensee received on September 29, 2008.

On September 30, 2008, Licensee petitioned the Court of Common Pleas of Westmoreland County (trial court) for leave to appeal his license suspension *nunc pro tunc,* and a hearing was held on his petition. No explanation was provided by the Department for the delay in responding to Licensee's request to defer his suspension other than to state that Licensee's situation was "unusual." The trial court granted the request for *nunc pro tunc* relief and another two hearings were scheduled on the merits of Licensee's suspension at which evidence was admitted.

The trial court issued a decision explaining that the reason it granted the *nunc pro tunc* appeal was because Licensee had made an early request to defer his suspension, but the Department had not responded in a reasonable time and Licensee then immediately filed the appeal after receiving the Department's letter denying the delay of the suspension. As to the merits, the trial court noted that the conviction had been dismissed on January 5, 2009, and that dismissal was part of the license suspension record.

On appeal, the Department contends that the trial court abused its discretion by allowing Licensee to appeal his suspension *nunc pro tunc* because there was no evidence to support the trial court's grant of the request. The Department relies on *Baum v. Department of Transportation, Bureau of Driver Licensing,* 949 A.2d 345 (Pa.Cmwlth.2008), a case with almost identical facts but where the trial court denied a request for *nunc pro tunc* relief because the licensee failed to timely file an appeal from a notice of suspension. In that case, the licensee was also convicted of operating a vehicle without the required financial responsibility and received a notice of suspension from the Department on March 20, 2007. The deadline for the appeal was April 20, 2007. On April 2, 2007, the licensee appealed her conviction and requested a delay in the suspension. The licensee received the Department letter denying the request to delay the suspension on April 23, 2007, three days after the appeal period had expired. The licensee petitioned the trial court for leave to proceed *nunc pro tunc* which the trial court denied. On appeal, we affirmed, stating that the licensee was not unaware of when the 30

day appeal period would expire and was not prevented from filing her appeal within that period. She merely failed to perfect her appeal within that time period. There also was no allegation that the Department acted in any manner to prevent her from filing her appeal within the 30 day appeal period.

On appeal in this case, the majority finds that *Baum* is distinguishable because the trial court here granted the request for *nunc pro tunc* relief based on Licensee's argument that the Department acted in a manner that precluded him from filing within the 30 day appeal period. It also relies on the "abuse of discretion" standard, stating that it is a deferential standard, and in *Baum,* there was no record on which to question the trial court's exercise of discretion, only the allegations in the licensee's petition. In this case, however, the trial court "essentially had a stipulation of fact by the parties that the Department routinely grants a delay of suspension when the underlying conviction is being appealed. Moreover, the trial court inferred from the stipulated facts that the Department deliberately waited to respond to Licensee's delay request until day 31 of the suspension appeal period." (Majority opinion at 847.) I respectfully disagree because regardless of what the trial court "inferred," *Baum* controls.

First, there was no "stipulation of facts" by the parties at the hearing. All that the Department stated at the hearing was that while it was its ordinary practice to postpone a license suspension when an appeal of a conviction underlying the suspension was pending, "in this particular circumstance, a licensee suspension, and I don't doubt that Miss DeFazio didn't know this at the time because it is an unusual circumstance, but under this particular type of case, driving without insurance, even if

the summary appeal is granted, we can still proceed through testimony." (Reproduced Record at 10a.) While the meaning of this is unclear, what is clear is that contrary to the majority's belief, this cannot be sufficient for the trial court to infer "from the stipulated facts that the Department deliberately waited to respond to Licensee's delay request until day 31 of the suspension appeal period." There simply is no evidence that the Department deliberately waited to send a reply to Licensee so that he would be outside the 30 day filing period.

Second, when Licensee failed to receive a timely response to his request to defer his suspension, it was incumbent on him to timely appeal the written notice of suspension within the 30 days set forth in that notice. Because the trial court abused its discretion in allowing the merits of the appeal to be heard, I would also disagree with the majority's determination on the merits of the case.

Accordingly, I would reverse the trial court's decision.