# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daryl E. Merriwether        :
:
        v.                :   No. 1641 C.D. 2016
:   Submitted: July 14, 2017
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Driver Licensing,       :
                Appellant   :


BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE DAN PELLEGRINI, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**          **FILED: September 25, 2017**

Appellant Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department), appeals from an order of the Court of Common Pleas of Lackawanna County (trial court), which sustained the statutory appeal of Appellee Daryl E. Merriwether (Merriwether) of an eighteen-month suspension of her driving privilege. The Department contends that the trial court erred or abused its discretion by sustaining Merriwether's petition to appeal *nunc pro tunc*. We now reverse.

By official notice with a mailing date of February 8, 2016, the Department notified Merriwether that her driver's license would be suspended for a period of eighteen months pursuant to Section 1547(b)(1)(ii) of the Vehicle

Code.[1]   (Reproduced Record (R.R.) at 6a-8a.)   This suspension arose from Merriwether's refusal to submit to chemical testing in connection with her December 23, 2015 arrest for violating Section 3802 of the Vehicle Code[2] (relating to driving under the influence (DUI) of alcohol or a controlled substance).  (*Id.*; Appellant's Br. at 5.)   The effective date of this suspension was to be March 14, 2016.   (R.R. at 6a-8a.)   Merriwether had thirty days to appeal the decision, with the deadline to file an appeal being March 9, 2016.   (*Id.*)   On March 23, 2016, two weeks after the filing deadline, Merriwether filed a petition for appeal *nunc pro tunc*, arguing that she was unable to file the appeal on a timely basis due to personal illness and a death in her family.  (*Id.* at 3a-4a.)

The trial court conducted a hearing on April 20, 2016.   (*Id.* at 23a-39a).   Merriwether testified to her personal hardships prior to the filing deadline.  (*Id.* at 27a-37a.)   Merriwether testified that on January 1, 2016, a family

---

[1] 75 Pa. C.S. § 1547(b)(1)(ii).  Section 1547(b)(1)(ii) of the Vehicle Code provides:

**(b) Suspension for refusal**.—

> (1)     If any person placed under arrest for a violation of section 3802 is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person as follows:
>
> . . .
>
>> (ii) For a period of 18 months if any of the following apply:
>>
>> . . .
>>
>>> (B) The person has, prior to the refusal under this paragraph, been sentenced for:
>>>
>>>> (I)     an offense under section 3802[.]

[2] 75 Pa. C.S. § 3802.

member (her great grandmother) passed away, resulting in her having to frequently travel out-of-state over the following weeks. (*Id.* at 27a-34a.) Merriwether testified that one of these travels resulted in her being in New York from on or about February 14, 2016 until on or about February 17, 2016. (*Id.* at 34a.) After she returned, she retrieved her mail sometime between February 24 and February 27, 2016, whereupon she received the notice of suspension from the Department. (*Id.* at 28a, 34a-35a.)

Merriwether then testified that she had called the Department in an attempt to appeal the suspension of her license on March 11, 2016, two days after the deadline to file an appeal had passed. (*Id.* at 36a.) A representative of the Department informed her that appeals could not be initiated through the phone and that, due to the passing of the deadline, Merriwether would not be able to appeal and would be subject to the license suspension. (*Id.*) Thereafter, Merriwether testified to conducting her own research and filing with the trial court a petition to appeal *nunc pro tunc* on March 23, 2016. (*Id.* at 37a.)

The trial court found Merriwether's testimony to be credible and allowed her to appeal *nunc pro tunc* due to the unforeseeable circumstances of a death in the family and personal illness. (*Id.* at 30a, 38a.) The trial court thereafter conducted a hearing on the merits of the underlying driver's license suspension, following which it issued an order sustaining Merriwether's appeal and ordering the Commonwealth to reinstate her driving privileges.[3] The Department then appealed to this Court.

---

[3] The arresting officer failed to appear at the hearing on the merits, so the Department was unable to present certain evidence in support of its case.

3

On appeal, the Department argues that the trial court erred in sustaining Merriwether's appeal because Merriwether did not file a timely appeal and did not present necessary evidence to permit her to appeal *nunc pro tunc*. More specifically, the Department argues that: (1) Merriwether did not establish sufficient non-negligent circumstances to qualify for an appeal *nunc pro tunc*; and (2) she did not proceed with reasonable diligence once she knew of the necessity to take action.

Generally, a licensee who wishes to appeal from a suspension of driving privileges has thirty days from the date which the entry is ordered. 42 Pa. C.S. § 5571(b); *Williamson v. Dep't of Transp., Bureau of Driver Licensing*, 129 A.3d 597, 601 (Pa. Cmwlth. 2015). Where that order is served by mail, as it was in the instant case, the date of mailing is considered the date of entry of the order. *See* 42 Pa. C.S. § 5572; *Williamson*, 129 A.3d at 601. Appeals filed beyond the thirty-day appeal period are "untimely and deprive the common pleas court of subject matter jurisdiction over such appeals." *Dep't of Transp., Bureau of Driver Licensing v. Maddesi*, 588 A.2d 580, 582 (Pa. Cmwlth. 1991). An appeal may be permitted *nunc pro tunc* only where: (1) delay in the filing of the appeal was caused by extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances related to the appellant, her counsel, or a third party; and (2) the party proceeded with reasonable diligence once she knew of the necessity to take action. *Schofield v. Dep't of Transp., Bureau of Driver Licensing*, 828 A.2d 510, 513 (Pa. Cmwlth.), *appeal denied*, 837 A.2d 1179 (Pa. 2003).

Additionally, in order to be considered "non-negligent circumstances," the Pennsylvania Supreme Court has established a three-part

4

test: (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay. *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001). The exception of an appeal *nunc pro tunc* due to non-negligent circumstances is meant to apply only in "unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so." *Id.* at 1160.

This Court's scope of review of a trial court's decision to allow an appeal *nunc pro tunc* is limited to determining whether the trial court abused its discretion or committed an error of law. *Baum v. Dep't of Transp., Bureau of Driver Licensing*, 949 A.2d 345, 347 n.5 (Pa. Cmwlth. 2008). Within this scope, an abuse of discretion must represent "a manifestly unreasonable exercise of judgment, or a final result that evidences partiality, prejudice, bias, or ill-will." *Centrum Prime Meats, Inc. v. Pa. Liquor Control Bd.*, 455 A.2d 742, 745 (Pa. Cmwlth. 1983).

Here, the trial court found Merriwether's testimony credible and was satisfied that the rationale provided by Merriwether established non-negligent circumstances for filing her appeal. In its opinion, the trial court reasoned:

> Here, Merriwether, the petitioner, filed [her] appeal on March 23, 2016, 45 days after the mail date of the Official Notice of the Suspension letter sent to [her] by the Commonwealth. Merriwether was unable to file [her] appeal within the statutory 30 days because [she] was ill and then an immediate family member passed away, which involved the attendance of a funeral. These circumstances in the eyes of the court are extraordinary circumstances outside Merriwether's control, which lead

5

[sic] to the two-week delay in the filing of [her] appeal. The court found [her] circumstances to be extraordinary such that the 15-day tardiness in the filing of [her] appeal was excusable.

(R.R. at 71a-72a.)  The trial court's rationale, however, is not in accord with the facts of the case.

A review of the record reveals that the timeline of events relating to the passing of Merriwether's family member does not coincide with the timeframe of the suspension letter and subsequent appeal deadline.  Per Merriwether's testimony, her family member passed away on January 1, 2016, with the funeral being held January 10, 2016.  (*Id.* at 27a, 40a.)  Thereafter, Merriwether further testified to being out of state on February 6, and February 14 through February 17, 2016. (*Id.* at 33a-34a.)  Merriwether did not testify to being away from home for any other time period pertinent to the instant case.

The Department mailed the notice of suspension to Merriwether on February 8, 2016.  (*Id.* at 6a-8a.)  Thus, the notice may have been in Merriwether's mailbox prior to her period of absence from February 14 through February 17, 2016.  Even if she had not received the notice prior to her departure, Merriwether still would have had almost three weeks in which to file a timely appeal once she returned, because she returned on February 17, 2016, and the appeal deadline was March 9, 2016.  Instead, Merriwether testified that upon returning on February 17, 2016, she did not check her mail for another week, receiving the notice on approximately February 24, 2016.  (*Id.* at 34a-35a.)

Even after receiving the notice, Merriwether took no further action until March 11, 2016—two days after the filing deadline and over two weeks after she testified to receiving the notice.  (*Id.* at 36a.)  On March 11, 2016, Merriwether called the Department in an attempt to appeal the notice, but a Department

6

representative informed her that the deadline had passed and that a phone call was not the correct method to perfect an appeal. (*Id.*) Thereafter, Merriwether filed her petition to appeal *nunc pro tunc* on March 23, 2016—two weeks after the deadline and four weeks after receiving the notice. (*Id.* at 36a-38a.)

Although this Court is sympathetic to the loss of a loved one, the facts of the case indicate that the funeral was approximately two months before the deadline to appeal, and, even after returning from her travels and receiving the notice, Merriwether still had almost two full weeks in order to file an appeal. In her own testimony, Merriwether does not seek to use the funeral and travelling to excuse her untimely submission; rather, she uses them merely to show how "chaotic" the beginning of the year 2016 was for her. (*Id.* at 32a-33a.)

Although it is undisputed that Merriwether was dealing with a variety of circumstances in the beginning of 2016,[4] a petition to appeal *nunc pro tunc* "must be filed within a reasonable time after the occurrence of the extraordinary circumstance." *City of Philadelphia v. Tirrill*, 906 A.2d 663, 667 (Pa. Cmwlth. 2006), *appeal denied*, 916 A.2d 1103 (Pa. 2007). Untimeliness of only one day, when uncorroborated by evidence for the reason of delay, has been grounds for denial of *nunc pro tunc* petitions by this Court. *See Smith v. Dep't of*

---

[4] In addition to the death and subsequent funeral of her family member, Merriwether and the trial court also cited personal illness as a contributing factor towards Merriwether's untimely filing. (R.R. at 3a, 71a.) In its brief, the Department correctly points out that there is no record evidence to that effect. (Appellant's Br. at 21.) The only allusions to personal illness are contained in Merriwether's petition to appeal *nunc pro tunc* and the trial court's opinion. (R.R. at 3a, 71a.) Thus, Merriwether provided no evidence of record of her illness. Accordingly, this Court has directed its focus to Merriwether's circumstances supported by record evidence.

*Transp., Bureau of Driver Licensing*, 749 A.2d 1065, 1067 (Pa. Cmwlth.), *appeal denied*, 795 A.2d 980 (Pa. 2000). This Court does not see such evidence that would support the trial court's conclusion that Merriwether's untimely filing was excusable.

Accordingly, the order of the trial court is reversed.


_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daryl E. Merriwether :
:
v. : No. 1641 C.D. 2016
:
Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing, :
Appellant :

# **O R D E R**

AND NOW, this 25th day of September, 2017, the order of the Court of Common Pleas of Lackawanna County is hereby REVERSED.

P. KEVIN BROBSON, Judge