# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James R. Williamson                :

                                     :

            v.                    :    No. 386 C.D. 2015

                                     :    Submitted: August 21, 2015

Commonwealth of Pennsylvania,   :

Department of Transportation,     :

Bureau of Driver Licensing,        :

                 Appellant   :

BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                  HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**           **FILED: October 23, 2015**

        The Department of Transportation, Bureau of Driver Licensing (Bureau), appeals from an order of the Court of Common Pleas of Delaware County (trial court) that sustained the statutory appeal of James R. Williamson (Licensee) from an 18-month suspension of his driving privilege. The Bureau imposed the suspension under 75 Pa. C.S. §1547(b)(1)(ii) as a result of Licensee's reported refusal to submit to chemical testing following his arrest for violating 75 Pa. C.S. §3802 (driving under the influence of alcohol or controlled substance) (DUI). The Bureau contends the trial court erred in granting Licensee a *nunc pro tunc* appeal (late appeal by permission).[1] For the reasons that follow, we must reverse the order of the trial court and direct that the Bureau reinstate the 18-month suspension of Licensee's driving privilege.

---

[1] By order dated August 17, 2015, this Court precluded Licensee from filing a brief based on his failure to timely file a brief as previously ordered.

## I. Background

By official notice with a mailing date of June 26, 2014, the Bureau notified Licensee that his driving privilege would be suspended for 18 months as authorized by 75 Pa. C.S. §1547(b)(1)(ii) as a result of his refusal to submit to chemical testing following a DUI arrest. In order to timely appeal his suspension, Licensee needed to file an appeal within 30 days of its mailing date. 42 Pa. C.S. §§5571(b), 5572; Hudson v. Dep't of Transp., Bureau of Driver Licensing, 830 A.2d 594 (Pa. Cmwlth. 2003). Because the 30-day appeal period expired on Saturday, July 26, 2014, the appeal deadline was Monday, July 28, 2014.

On Wednesday July 30, 2014, Licensee consulted an attorney and immediately filed a petition to appeal *nunc pro tunc*. See R.R. at 6a-7a. Licensee attached the suspension notice to his petition. See R.R. at 9a-11a. In explaining why he did not file a timely appeal, Licensee stated:

> [Licensee] misread and misunderstood the effective date of the suspension of his operating privileges, 7/31/14, as the deadline to file his appeal. [Licensee] is only two days late (the appeal was due 7/28/14 since 7/26/14 fell on the weekend) and therefor[e] there is no prejudice to the opposing party. Moreover, [Licensee] has a meritorious defense to the allegations that give rise to this appeal.

Petition for Leave to Appeal *Nunc Pro Tunc*; R.R. at 6a.

In October 2014, the trial court held a hearing on Licensee's petition. At the hearing, the trial court informed Licensee's counsel that Licensee would have to testify in support of his petition to appeal *nunc pro tunc*. Licensee testified

that he misread the dates in the notice of suspension.  See Tr. Ct. Hr'g, Notes of Testimony (N.T.), 10/28/14, at 5-6; R.R. at 25a-26a.  Licensee further testified he believed he had a meritorious defense to the allegations that he refused chemical testing.  N.T. at 6; R.R. at 26a.  To that end, Licensee testified he did not receive due process because the arresting officer failed to advise him of the specific consequences of a refusal to submit to chemical testing.  N.T. at 7; R.R. at 27a. Rather, Licensee claims the officer simply told him "it would be better" if he did submit to chemical testing.  Id.

Thereafter, the Bureau's counsel cross-examined Licensee, who admitted receiving a previous license suspension in 1983.  N.T. at 8; R.R. at 28a. Licensee further testified he received the current notice of suspension in the mail, but he could not remember the date.  N.T. at 9-10; R.R. at 29a-30a.  Licensee testified he read the notice, but he did not understand the way it was worded.  N.T. at 12; R.R. at 32a.

In granting Licensee's petition, the trial court reasoned:

All right. Under the circumstances of the testimony, I'm going to grant the nunc pro tunc Appeal, it was only two days late.  [Licensee] testified that he went to his attorney, didn't quite understand the document itself and misread the date and his attorney filed a nunc pro tunc Appeal, and I find that was filed on the 30th of July, so shortly thereafter, so I've granted the –

N.T. at 21; R.R. at 41a.

3

In November 2014, Licensee appealed the Bureau's suspension, and the trial court scheduled a hearing for February 17, 2015. The Bureau, however, failed to prosecute the matter, and the trial court granted Licensee's motion to dismiss. See Tr. Ct. Order, 2/17/15; R.R. at 43a. The trial court's order sustained Licensee's appeal and reinstated his driving privilege. Id.

The Bureau appealed. In an opinion in support of its order, the trial court noted Licensee credibly testified that he failed to understand the suspension notice and needed an attorney's assistance. Tr. Ct., Slip. Op. (Slip Op.), 4/24/15, at 3. Although Licensee did read the form, he could not understand its meaning. Id. Licensee met with an attorney, who immediately filed a petition for a *nunc pro tunc* appeal. Id. At most, Licensee filed his petition two days late. Id.

The trial court further observed that the Bureau raised no objections and presented no argument at the hearing on Licensee's petition. Slip. Op. at 3. Therefore, the trial court reasoned the Bureau waived any issues it sought to raise in this appeal. Id.

## II. Discussion
### A. Argument

Appellate review of a trial court's decision to allow an appeal *nunc pro tunc* is limited to determining whether the trial court committed an error of law or abused its discretion. Baum v. Dep't of Transp., Bureau of Driver Licensing, 949 A.2d 345 (Pa. Cmwlth. 2008). Here, the Bureau contends the trial court erred and abused its discretion in permitting Licensee to proceed with a *nunc pro tunc*

appeal on the ground that he misread the suspension notice. The Bureau's argument is as follows.

Licensee testified he read the paragraph of the notice advising him of his right to appeal within 30 days of the mail date of June 26, 2014. See N.T. at 15-16; R.R. at 35a-36a. However, Licensee failed to file his appeal within that 30-day period. "Periods of time set for filing appeals are jurisdictional." Pa. Dental Ass'n v. Pa. Ins. Dep't, 516 A.2d 647, 654 (Pa. 1986). Therefore, Licensee's failure to timely appeal a final order of an administrative agency constitutes a jurisdictional defect. Radhames v. Tax Review Bd., 994 A.2d 1170 (Pa. Cmwlth. 2010). In short, where the legislature establishes a time period in which an appeal must be filed, that period is mandatory and may not be extended as a matter of grace or indulgence. Hudson.

Here, the Bureau contends the trial court erred and abused its discretion in permitting Licensee to appeal *nunc pro tunc* where he did not offer any competent evidence to satisfy his burden of proving fraud or a breakdown in the administrative or judicial process. See Kulick v. Dep't of Transp., Bureau of Driver Licensing, 666 A.2d 1148 (Pa. Cmwlth. 1995) (a court may permit a licensee to appeal *nunc pro tunc* only where the licensee's failure to timely appeal results from extraordinary circumstances involving fraud or a breakdown in the administrative or judicial process). The licensee bears the burden of establishing such circumstances exist. Rick v. Dep't of Transp., Bureau of Traffic Safety, 462 A.2d 902 (Pa. Cmwlth. 1983).

5

However, the Bureau acknowledges, in <u>Bass v. Commonwealth</u>, 401 A.2d 1133 (Pa. 1979), the Supreme Court extended the traditional grounds for allowing an appeal *nunc pro tunc* to include situations where the untimely filing results from non-negligent circumstances related to the appellant's attorney and staff. The Bureau further recognizes that in <u>Cook v. Unemployment Compensation Board of Review</u>, 671 A.2d 1130 (Pa. 1996), the Supreme Court extended the <u>Bass</u> rationale to non-negligent circumstances involving the appellant himself.

Nevertheless, the Bureau argues Licensee's confusion as to when to file an appeal does not constitute extraordinary circumstances involving fraud or an administrative or judicial breakdown. In support of its position, the Bureau cites <u>Kovalesky v. Department of Transportation, Bureau of Driver Licensing</u>, 850 A.2d 26 (Pa. Cmwlth. 2004), where this Court held a driver's misunderstanding regarding the operation of the reciprocity provisions in Article IV(a)(2) of the Driver's License Compact (Compact), 75 Pa. C.S. §1581, did not warrant the trial court's grant of a *nunc pro tunc* appeal.

The Bureau further contends Licensee's failure to carefully read and understand his appeal rights as explained in the suspension notice cannot be considered a non-negligent circumstance justifying a *nunc pro tunc* appeal. <u>See</u>, <u>e.g.</u>, <u>W. Caln Twp. v. Dep't of Envtl. Res.</u>, 595 A.2d 702 (Pa. Cmwlth. 1991) (where specific written instructions on how to appeal were provided, those instructions superseded incorrect oral instructions or a party's misinterpretation of the information it received); <u>Fritz v. Workmen's Comp. Appeal Bd. (Kim Mfg.</u>,

6

Co., Inc.), 527 A.2d 636, 637 (Pa. Cmwlth. 1987) (claimant's assertion that he was "not skilled in the law" insufficient to warrant appeal *nunc pro tunc*).

Because Licensee failed to establish that fraud or a breakdown in the administrative or judicial process caused his untimely appeal, or that it could be attributed to non-negligent circumstances, the Bureau argues the trial court erred and abused its discretion in granting Licensee a *nunc pro tunc* appeal.

The Bureau further asserts its hearing counsel's decision not to present a closing argument opposing Licensee's petition for a *nunc pro tunc* appeal did not result in a waiver of its appellate right to challenge the trial court's grant of that petition. See McKeown v. Dep't of Transp., 601 A.2d 486 (Pa. Cmwlth. 1991) (trial court's grant of a *nunc pro tunc* appeal goes to its subject matter jurisdiction; issues of subject matter jurisdiction may be raised at any time, even on appeal, by the parties or by the court on its own motion); Dep't of Transp., Bureau of Driver Licensing v. Kruc, 557 A.2d 443 (Pa. Cmwlth. 1989) (same). In short, the Bureau argues, neither silence nor agreement of the parties can confer jurisdiction over Licensee's appeal where it would otherwise not exist.

Finally, the Bureau contends the fact that a brief delay will not prejudice the other party does not warrant the grant of a *nunc pro tunc* appeal. Failure to file an appeal within the time allowed is a jurisdictional defect in the proceeding regardless of whether a party suffered prejudice as a result of the delay. W. Caln Twp.

In sum, the Bureau argues the trial court erred and abused its discretion in granting Licensee a *nunc pro tunc* appeal where the record does not reveal that fraud, non-negligent circumstances, or an administrative or judicial breakdown caused Licensee's untimely appeal. Because there were no extraordinary circumstances justifying the extension of the legislatively mandated 30-day appeal period, the Bureau requests that we reverse the trial court's order sustaining Licensee's appeal and reinstate the 18-month suspension of Licensee's operating privilege.

## B. Analysis

Pursuant to Sections 5571(b) and 5572 of the Judicial Code, a licensee has 30 days from the mailing date of the Bureau's notice of suspension to file an appeal with the trial court. 42 Pa. C.S. §§5571(b), 5572; Hudson. Appeals filed beyond the 30-day appeal period are untimely and deprive the trial court of subject matter jurisdiction over the appeals. Hudson. Questions of subject matter jurisdiction may be raised at any time, even on appeal, by the parties, or by the court on its own motion. Id.

In addition, statutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. Id. By permitting a licensee to file a late appeal, the trial court enlarges the appeal period, thereby extending itself jurisdiction it would not otherwise have. Id.

Here, the Bureau's notice of suspension clearly stated:

8

APPEAL
You have the right to appeal this action to the Court of Common Pleas (Civil Division) within 30 days of the mail date, June 26, 2014, of this letter. If you file an appeal in the County Court, the Court will give you a time-stamped certified copy of the appeal. In order for your appeal to be valid, you must send this time-stamped certified copy of the appeal by certified mail to:
Pennsylvania Department of Transportation
Office of Chief Counsel
Third Floor, Riverfront Office Center
Harrisburg, PA 17104-2516

Notice of Suspension at 2; R.R. at 19a (emphasis added).

At the hearing on Licensee's petition to appeal *nunc pro tunc*, Licensee admitted that he read the above-quoted "right to appeal" language in the notice of suspension, but indicated he did not understand it that well. N.T. at 15-16; R.R. at 35a-36a. The trial court credited Licensee's testimony and reasoned that Licensee's misunderstanding of the notice did not equate to negligence. Slip. Op. at 3. The trial court further determined that such a brief delay did not prejudice the Bureau. Slip. Op., at 3-4.

We disagree. Regardless of Licensee's misunderstanding of the notice, this Court recognizes that the appeal provision in the notice of suspension "unequivocally indicates that [l]icensee had 'the right to appeal this action to the Court of Common Pleas (Civil Division) within 30 days of the mail date ….'" Kovalesky, 850 A.2d at 30 (emphasis added). Moreover, the 30-day period to appeal is established by statute; therefore, Licensee must be charged with

9

knowledge of that information. <u>Ercolani v. Commonwealth</u>, 922 A.2d 1034 (Pa. Cmwlth. 2007).

Consequently, we are constrained by precedent to hold that Licensee's subjective misunderstanding or confusion related to the straightforward appeal language in the Bureau's notice of suspension cannot, by itself, justify extension of the statutorily mandated 30-day appeal period. <u>Ercolani</u>; <u>Kovalesky</u>; <u>Hudson</u>. Although Licensee filed his appeal just two days late, this constituted a jurisdictional defect that appellate courts may not overlook. <u>Rostosky v. Dep't of Envtl. Res.</u>, 364 A.2d 761 (Pa. Cmwlth. 1976); <u>City of Pittsburgh v. Pa. Pub. Util. Comm'n</u>, 284 A.2d 808 (Pa. Cmwlth. 1981).

In sum, there is nothing extraordinary in the circumstances here, which clearly do not approximate a breakdown of the administrative system. Were this appeal allowed, any claim of confusion could support a *nunc pro tunc* appeal. Accordingly, we must reverse the order of the trial court and direct the Bureau to reinstate Licensee's 18-month suspension for refusing to submit to chemical testing.

_____
ROBERT SIMPSON, Judge

10

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James R. Williamson         :
:
      v.             :   No. 386 C.D. 2015
:
Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Driver Licensing,      :
                   Appellant   :

## O R D E R

**AND NOW**, this 23rd day of October, 2015, for the reasons stated in the foregoing opinion, the order of the Court of Common Pleas of Delaware County is **REVERSED**, and the Department of Transportation, Bureau of Driver Licensing is hereby directed to **REINSTATE** the 18-month suspension of Appellee James R. Williamson's driving privilege.

_____
ROBERT SIMPSON, Judge