# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael Allen Brown, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1218 C.D. 2017 |
| | : | Submitted: December 8, 2017 |
| Department of Transportation, | : | |
| | : | |
| Respondent | : | |


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                                  **FILED:  January 31, 2018**


Michael Allen Brown (Brown) petitions for review of the order of the Honorable Leslie S. Richards, Secretary of the Department of Transportation (Department), which dismissed and denied Brown's exceptions to the order filed May 25, 2017 by the Department's Chief Hearing Officer.  By that order, the Chief Hearing Officer granted a motion filed by the Department to dismiss Brown's "Petition for Correction/Updating of Pennsylvania Motor Vehicle Operating Record."  For the reasons set forth below, we reverse the order of the Department and remand to the Department for a hearing on Brown's petition.

Following Brown's application to renew his Pennsylvania driver's license,[1] Brown filed his petition on March 1, 2017, alleging that he learned, in connection with the renewal of his license, that his record reflected a 90-day suspension for a controlled substance violation in 1992 and a 15-day add-on suspension pursuant to Section 1544 of the Vehicle Code, 75 Pa. C.S. § 1544.[2] Brown contends that the operating privilege of a "Michael Brown," who bears the same birth date as his own but a different mailing address, was suspended as a result of a December 5, 1991 conviction, and that twenty-five years later this conviction was improperly consolidated with Brown's operating record.[3]

Brown received a notice from the Department, dated February 7, 2017, indicating that a review of the Department's records showed that he was issued a valid driver's license number and an invalid license number, issued before he applied for his valid driver's license.[4] (C.R. Item 13, Attachment A.) This notice further indicated that the resulting multiple records would be combined, resulting in only one driver's license number, and that sanctions could be imposed on his driving

---

[1] The Department's certified driving history for Brown is part of the certified record and indicates that Brown's most recent license renewal occurred on November 1, 2014, and that the suspended license was due to expire on December 28, 2017. (Certified Record (C.R.) Item 7, Exhibit 1.)

[2] Section 1544 (a) provides when "any person's record shows an accumulation of additional points during a period of suspension or revocation, the [Department] shall extend the existing period of suspension or revocation at the rate of five days for each additional point and the person shall be so notified in writing." 75 Pa. C.S. § 1544(a).

[3] The Department's certified driving history for Brown lists him as "Michael Allen Brown" and his address as "1007 E. Broadway, Apartment 208, Columbia, MO 65201." (C.R. Item 7, Exhibit 1.) The December 5, 1991 certified conviction report of the Philadelphia Municipal Court Clerk of Court on the drug conviction identifies a "Michael Brown," with an address of "102 E. Washington Lane, Philadelphia, PA 19144." (C.R. Item 7, Exhibit 2.)

[4] The Department admits that when it issued Brown his current Pennsylvania driver's license on November 1, 2014, it was "unaware that Brown had an unserved suspension for a December 5, 1991 Drug Act conviction." (Department's Answer to Motion for Supersedeas Pending Appeal.)

2

record, in which case he would receive official notice thereof. (*Id*.) In addition, Brown received an official notice, also dated February 7, 2017, of the suspension of his license indicating:

> As a result of your 6/24/2013 conviction of violating Section 3112A3I of the Vehicle Code, RED LIGHT VIOLATION, on 4/21/2013:
>
> Your driving privilege is suspended for a period of 15 day(s) effective 07/02/2013 at 12:01 A.M.

(C.R. Item 7, Exhibit 3.) This notice advised Brown that instead of assigning points to his driver's license record, Section 1544 of the Vehicle Code requires the Department to extend any existing suspension 5 days for each point that would have been assigned to his driver's license record, resulting in the 15-day suspension add-on. (*Id*.) Brown also received a Restoration Requirements Letter, also dated February 7, 2017, listing the issues he was required to resolve prior to having his driving privileges restored. (C.R. Item 6, Exhibit A.) This letter indicated that Brown had a 90-day suspension/revocation that "began (or will begin) on 3/11/92" as a result of the controlled substance violation, and a 15-day suspension/revocation that "began (or will begin) on 07/02/13" as a result of a Section 1544 add-on suspension. (*Id*.).

Brown petitioned for administrative relief in the form of a "Petition for Correction/Updating of Pennsylvania Motor Vehicle Operating Record," and by notice dated March 31, 2017, the Department scheduled a hearing for June 14, 2017. (C.R. Item 2; C.R. Item 5.) In his petition, Brown averred, *inter alia*, that he is a medical doctor who maintains dual residences in Pennsylvania and in Missouri; that he was never charged with, involved in, convicted of or otherwise sanctioned for any drug-related offenses; and that he could not have appealed the suspensions now on

3

his record because he did not receive official notice of suspension in 1992 or any other time, since he was not the subject of the drug offense upon which the suspension is predicated. (C.R. Item 3.)

Brown also filed a motion for supersedeas on April 17, 2017, alleging he would suffer irreparable injury *per se* since his privilege to operate a motor vehicle in Pennsylvania would remain suspended. (C.R. Item 6.) The Department opposed his motion, arguing that he did not show a likelihood of success on the merits; the Department averred that its records are presumed to be correct unless rebutted by clear and convincing evidence, that Brown had set forth only a "bare assertion" that he was not convicted of the underlying drug conviction, and that he was improperly seeking a "record review" and a stay of the Department's suspensions, because the proper forum to challenge a license suspension itself is in the court of common pleas. (C.R. Item 7.) By order dated May 4, 2017, the Chief Hearing Officer of the Department denied Brown's request for a supersedeas. (C.R. Item 10.) On May 8, 2017, the Department filed its motion to dismiss Brown's appeal, and by order dated May 25, 2017, the Department dismissed the appeal for failure to state a claim upon which relief can be granted and for lack of jurisdiction, cancelling the scheduled evidentiary hearing. (C.R. Item 12.) Brown filed exceptions on appeal, and by order dated August 9, 2017, the Secretary of the Department dismissed the exceptions on the merits and adopted the Chief Hearing Officer's order dismissing the appeal. (C.R. Item 15.)

Before this Court,[5] Brown argues that the consolidation of his driving record with another driving record was effectuated without due process; he asserts

---

[5] Brown filed a motion for supersedeas pending appeal on November 6, 2017, and by order dated November 27, 2017, this Court granted the motion.

that because he is not the individual who received or was sent a notice of suspension some twenty-six years ago, not only does he lack standing to appeal the drug conviction or the suspension, he is in any event long out of time to do so. Brown asserts that the Chief Hearing Officer erred in dismissing his appeal and in cancelling his evidentiary hearing because Brown was challenging the validity of the consolidation of records and not the imposition of a decades-earlier suspension.

Section 1550(a) of the Vehicle Code, 75 Pa. C.S. § 1550(a) (relating to judicial review – general rule), provides that any person denied a driver's license or whose operating privilege has been recalled, canceled, suspended or revoked by the Department shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure). Section 933 of the Judicial Code, 42 Pa. C.S. § 933 (relating to appeals from government agencies), provides that the courts of common pleas shall have jurisdiction of appeals of final orders issued by the Department of Transportation pursuant to, *inter alia*, Section 1550 of the Vehicle Code, 75 Pa. C.S. § 1550. Accordingly, a licensee who wishes to appeal from a suspension of operating privileges has 30 days from the mail date of the notice of suspension to file a notice of appeal in the court of common pleas. 42 Pa. C.S. § 933(a)(1)(ii); 42 Pa. C.S. § 5571(b); 42 Pa. C.S. § 5572; *Williamson v. Department of Transportation, Bureau of Driver Licensing*, 129 A.3d 597, 601 (Pa. Cmwlth. 2015). Appeals filed beyond the 30-day appeal period are untimely and deprive the court of common pleas of subject matter jurisdiction over the appeal. *Williamson*, 129 A.3d at 599, 601; *Hudson v. Department of Transportation, Bureau of Driver Licensing*, 830 A.2d 594, 598 (Pa. Cmwlth. 2003). Where the legislature establishes a time period in which an appeal must be filed, such as here, that period is mandatory, and the time

5

for taking an appeal cannot be extended as a matter of grace or mere indulgence. *Williamson*, 129 A.3d at 599, 601; *Hudson*, 830 A.2d at 598.

Challenges to the accuracy of driving records, however, may be made by request to the Department. Section 1516(d) of the Vehicle Code states:

> **(d) Updating driving record.--**Drivers wishing to have their record reviewed by the department may make such a request in order that the record be brought up to date. In updating records, the department shall include recalculation of suspension or revocation segments and the assignment and crediting of any suspension or revocation time previously assigned or credited toward a suspension or revocation which resulted from a conviction which has been vacated, overturned, dismissed or withdrawn. Any fully or partially served suspension or revocation time may only be reassigned or credited toward a suspension or revocation segment processed on the driver's record as of the actual commencement date of the fully or partially served suspension or revocation time.

75 Pa. C.S. § 1516(d).

We find here that this case involves a challenge to the accuracy of Brown's driving record. A determination as to the propriety of the consolidation of driving records is necessary, since Brown clearly has no standing to challenge a license suspension that he asserts is not his own. Accordingly, he has chosen the proper forum to challenge the consolidation of driving records, and he is entitled to a Departmental hearing during which he will be provided the opportunity to establish that he is not the individual who was convicted of a controlled substance violation in 1991 and is not therefore the individual subject to the 1992 license suspension. The Department erred in its cancellation of the scheduled hearing.

Accordingly, the August 9, 2017 order of the Secretary of the Department is reversed, and the matter is remanded to the Department for the scheduling of an administrative hearing on Brown's petition.

_____
JAMES GARDNER COLINS, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Allen Brown,                    :
                                        :
                    Petitioner          :
                                        :
        v.                              :    No. 1218 C.D. 2017
                                        :
Department of Transportation,           :
                                        :
                    Respondent          :

# O R D E R

AND NOW, this 31st day of January, 2018, the order of the Secretary of the Department of Transportation in the above-captioned case is REVERSED. This matter is REMANDED to the Department of Transportation for an administrative hearing on the merits of Petitioner's petition for correction of his driving record.  Jurisdiction relinquished.

_____
JAMES GARDNER COLINS, Senior Judge