IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James M. Smith                      :

                                 :

        v.                   :

                                 :   No. 1109 C.D. 2021

Commonwealth of Pennsylvania,  :

Department of Transportation,    :   Submitted: June 24, 2022

Bureau of Motor Vehicles,       :

                    Appellant      :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE STACY WALLACE, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: September 14, 2022

The Commonwealth of Pennsylvania, Department of Transportation (Department), Bureau of Motor Vehicles (Bureau) appeals from an order of the Court of Common Pleas of Fayette County (trial court) that sustained the statutory *nunc pro tunc* appeal of James M. Smith (Smith) from a cumulative six-month suspension of his certification as an Official Safety Inspector (Inspector Certification). The Bureau imposed the suspension pursuant to section 4726(b) of the Vehicle Code, 75 Pa. C.S. § 4726(b), based on an inspection that Smith performed on January 17, 2021. In this appeal, the Bureau argues that the trial court erred and abused its discretion in granting Smith permission to file his otherwise untimely appeal *nunc pro tunc.* For the reasons that follow, we are constrained to agree with the Bureau. Accordingly, we reverse.

# I.    BACKGROUND

Smith owns and operates Smith's Garage, an auto repair garage in Connellsville, Pennsylvania (the Station). For several decades, Smith has performed vehicle inspections as an Official Safety Inspector pursuant to certifications issued by the Bureau. On April 14, 2021, the Bureau issued two orders: 1) an "Order of Suspension of Official Safety Inspector," which suspended Smith's certification as an Official Safety Inspector (Inspector Order) (Reproduced Record (R.R.) at 8a-12a), and 2) an "Order of Suspension of Official Inspection Station," which suspended the Station's Certificate of Appointment as an Official Safety Inspection Station (Station Order). (R.R. at 68a-70a.) Only the Inspector Order is at issue in this appeal.[1] In the Inspector Order, the Bureau advised Smith that the suspensions were being imposed because Smith passed a vehicle while it had holes in the floor and frame, was missing a muffler, and had an inoperable parking brake and torn front bumper. (R.R. at 8a-10a.) The Bureau cited Smith with violations of 67 Pa. Code § 175.51(a)(1)(iii) (faulty inspection of equipment or parts), 175.51(a)(2)(ii) (improper recordkeeping), and 175.51(a)(2)(v) (improperly assigning certificate of inspection), and imposed three consecutive two-month suspensions.[2] The cumulative six-month suspension took effect on May 25, 2021. *Id.*

---

[1] Smith filed a statutory appeal of the Inspector Order only. The trial court criticized the Bureau at the merits hearing on September 13, 2021, and in its Pa.R.A.P. 1925(a) (Rule 1925(a)) opinion for not disclosing that Smith technically did not appeal the Station Order. (R.R. at 44a-46a, 50a-51a; N.T., 9/13/21, at 20:5-22:8; 26:14-27:7; R.R. at 99a-100a.) Although we do not find any evidence in the record suggesting that the Bureau was less than forthright with the trial court, because we ultimately conclude that the trial court lacked jurisdiction to consider the merits of either suspension, this issue is moot.

[2] Each of the three two-month suspensions is mandatory for first-time violators. *See generally* 67 Pa. Code § 175.51.

Pertinent to this appeal, the Inspector Order contained the following language:

> You have the right to appeal this Departmental Order of Suspension to the Court of Common Pleas of the County in which the above referenced inspection station is located, **WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER.** If you do file an appeal, a signed and time-stamped copy of the appeal must be served upon the Department at the mailing address listed below. **FILING OF AN APPEAL DOES NOT AUTOMATICALLY STAY THE SUSPENSION.** In order for your privileges to be restored pending appeal, a signed Order of Supersedeas from the Court directing the Department to stay the suspension must be served upon the Department at the mailing address listed below . . . .

*Id.* (emphasis in original).

On June 2, 2021, Smith filed a "Petition for Appeal Nunc Pro Tunc" of the Inspector Order. (R.R. at 5a.) The trial court held a hearing on the Petition on July 16, 2021.[3] At the hearing, Smith testified that he initially was not aware of the appeal deadline and wasted time speaking with lawyers who he ultimately could not afford. He obtained from the Prothonotary's office a form for petitioning to appeal *nunc pro tunc* and filed it *pro se*. (R.R. at 18a-19a; Notes of Testimony (N.T.), 7/16/22, at 6:17-7:15.) By orders entered on July 22, 2021, the trial court granted Smith's request to proceed *nunc pro tunc* and scheduled a hearing on the merits of the appeal for September 13, 2021. (R.R. at 3a, 4a.)

At the merits hearing, the Bureau presented the testimony of Ronald Miller, an inspection station supervisor or, officially, a Quality Assurance Officer. (R.R. at 28a; N.T., 9/13/21, at 4:7-16.) Miller testified that on March 21, 2021, he

---

[3] *See Department of Transportation, Bureau of Driver Licensing v. Schillaci*, 639 A.2d 924, 925 (Pa. Cmwlth. 1994) (trial court required to hold separate hearing on whether untimely statutory appeal may be filed *nunc pro tunc*).

received a complaint about a vehicle Smith inspected on January 17, 2021. Miller completed a re-inspection of the vehicle and took photographs of its condition. At the time of the re-inspection, the vehicle was missing its muffler and had significant rust and body corrosion, a rusted and inoperable parking brake cable, and a cracked front bumper. (R.R. at 29a-31a; N.T., 9/13/21, at 5:11-7:9.) When Miller spoke with Smith about the issue, Smith initially did not remember inspecting the vehicle. After further conversation, however, he remembered the vehicle and told Miller that he trusted the person who brought the vehicle in for inspection, who told Smith that it was in good condition. (R.R. at 33a-44a; N.T., 9/13/21, at 9:19-10:5.) Based on Miller's inspection and report, the Bureau concluded that inspection, recordkeeping, and certificate of inspection violations had occurred, each warranting a mandatory two-month suspension of Smith's Inspector Certification. (R.R. at 34a-36a; N.T., 9/13/21, at 10:21-12:15.)

Smith testified that some or all of the damage to the vehicle did or could have occurred after his inspection and that he never issued an inspection sticker to a vehicle without a muffler. He indicated that the vehicle's owner told him that the muffler was knocked loose after the inspection and that she also had driven onto a curb after the inspection, cracking the front bumper. Smith admitted that he did not check the vehicle's undercarriage and that he relied on the statements of the vehicle's owner in concluding that the vehicle was in good enough shape to pass inspection. (R.R. at 42a-44a; 46a-47a; N.T., 9/13/21, at 18:1-20:4; 22:20-23:24.)

The trial court ultimately sustained the appeal, lifted Smith's suspension, and directed the Bureau to "return all pertinent information, stickers and license, to [] Smith's Garage as well as James Smith individually." (R.R. at 51a; N.T., 9/13/21, at 27:8-17; R.R. at 85a.) The Bureau filed a timely notice of appeal on October 8, 2021. (R.R. at 87a.) Both the trial court and the Bureau complied with Pa.R.A.P. 1925. (R.R. at 91a-94a.)

4

## II. DISCUSSION

The Bureau presents a single question for our review: "Did the trial court err as a matter of law and abuse its discretion in permitting Smith to proceed on a *nunc pro tunc* basis in his untimely filed statutory appeal?" (Bureau Brief at 5.)[4] Our review of a trial court's decision to permit an appeal *nunc pro tunc* is limited to determining whether the trial court erred as a matter of law or abused its discretion. *Williamson v. Department of Transportation, Bureau of Driver Licensing*, 129 A.3d 597, 599 (Pa. Cmwlth. 2015). The Bureau argues that the trial court erred and abused its discretion because it did not consider the appropriate factors prior to granting permission to appeal *nunc pro tunc*. The Bureau further argues that, even if the trial court had considered the appropriate factors, the record is devoid of sufficient evidence to support *nunc pro tunc* relief.[5] We are constrained to agree.

### A. Applicable Law

Pursuant to sections 5571(b) and 5572 of the Judicial Code, a licensee has 30 days from the mailing date of the Bureau's suspension notice to file an appeal to the trial court. 42 Pa. C.S. §§ 5571(b), 5572. *Hudson v. Department of Transportation, Bureau of Driver Licensing*, 830 A.2d 594, 598 (Pa. Cmwlth. 2003). "Appeals filed beyond the 30-day appeal period are untimely and deprive the common pleas court of

---

[4] Although the Bureau included several issues in its Rule 1925(b) concise statement, it argues on appeal only the jurisdictional question of whether the trial court erred or abused its discretion in permitting Smith's untimely appeal to proceed *nunc pro tunc*. The Bureau has not briefed the question of whether the trial court erred or abused its discretion in sustaining Smith's appeal on the merits. Because we ultimately conclude that the trial court lacked jurisdiction to consider that question, we will not address herein the merits of the appeal.

[5] By order entered April 19, 2022, we directed Smith to file his brief within 14 days or be precluded from filing a brief and participating in oral argument. Because he did not timely comply, on June 23, 2022, we precluded Smith from filing a brief and directed that the appeal be submitted on briefs without argument.

subject matter jurisdiction over such appeals." *Id.* (quoting *Department of Transportation, Bureau of Driver Licensing v. Maddesi*, 588 A.2d 580, 582 (Pa. Cmwlth. 1991)). "Further, statutory appeal periods are mandatory and may not be extended as matter of grace or mere indulgence. By allowing a licensee to file a late appeal, the trial court extends the time in which an appeal may be filed, thereby extending itself jurisdiction it would not otherwise have." *Id.* (internal citations omitted).

Nevertheless, there are exceptions to the above rule. A licensee may petition the trial court for permission to appeal *nunc pro tunc* in extraordinary circumstances to prevent injustice. *Arena Beverage Corp. v. Pennsylvania Liquor Control Board*, 97 A.3d 444, 448-49 (Pa. Cmwlth. 2014). "In determining whether extraordinary circumstances exist, a court must consider whether there was fraud or a breakdown in the court's operations or whether the party seeking relief has proven that: (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration . . . [of the appeal period]; and (3) the appellee was not prejudiced by the delay." *Id.* at 449 (citation and quotation omitted). Thus, before permitting an appeal *nunc pro tunc*, a trial court *must* engage in the above analysis to determine whether "extraordinary circumstances" exist due to fraud, breakdown in court operations, or non-negligent circumstances involving the appellant or counsel. *Id.* at 449. The appellant bears the burden to prove that such circumstances exist. *Kulick v. Department of Transportation*, *Bureau of Driver Licensing,* 666 A.2d 1148, 1150 (Pa. Cmwlth. 1995).

**B. Analysis**

At the *nunc pro tunc* hearing on July 16, 2021, the trial court asked Smith why he filed his appeal 19 days late. Smith indicated that he at first was not aware of the time limitations for filing the appeal and wasted his time speaking to lawyers he could not afford:

> THE COURT: So were you aware that it was late, that you only had so many days [to] file it?
>
> MR. SMITH: Not at first.
>
> THE COURT: Okay, so it was just an admission [sic] on your part up [sic] to properly read the form.
>
> MR. SMITH: Yeah, I went to talk to couple of different lawyers and they were so high. In my little business in the last year I almost went under a couple times. I went and talked to a couple different lawyers and it was so expensive that I couldn't . . . that's probably where I wasted my time.
>
> . . . .
>
> THE COURT: So the reason that you did not file it on time is that you wasted time talking to lawyers, found out that you could not afford them and you weren't really paying attention to the date of the appeal period.
>
> MR. SMITH: No, I didn't know that. This is the first time that ever happened.

(R.R. at 19a; N.T., 7/16/21, at 7.) In its Rule 1925(a) opinion, the trial court supported its decision to grant *nunc pro tunc* relief as follows:

> "[W]hen a party has filed an untimely notice of appeal . . . appellate courts may grant a party equitable relief in the form of

7

an appeal *nunc pro tunc* in certain extraordinary circumstances." *Commonwealth v. Stock*, 679 A.2d 760, 763 (Pa. 1996). Here, [Smith] testified that he had attempted to secure the services of an attorney but was unable to afford the same and that he filed the appeal on his own thereafter. N.T., 7/16/2021, at 7. The Court recognized that [Smith] filed the appeal delinquent but excused his error and found no prejudice to [the Department].

(Rule 1925(a) Opinion at 2; R.R. at 97a.)

The trial court did not engage in any meaningful consideration of whether extraordinary circumstances existed to support granting *nunc pro tunc* relief. Moreover, as the Bureau argues, even if it had done so, the record is devoid of sufficient evidence to support the trial court's determination. First, there is no suggestion anywhere in the record that any fraud or breakdown in the trial court's operations caused any delay in Smith's filing. Rather, Smith testified that he was aided by both the trial court and the Prothonotary's office in locating the appropriate forms to file the appeal himself. Second, although Smith testified that he initially did not realize that there was a 30-day time limitation on filing an appeal, Smith's misreading and/or ignorance of the appeal language in the suspension notice does not constitute non-negligent circumstances that would justify *nunc pro tunc* relief.

In *Williamson*, the appellant licensee failed to file a statutory appeal within the 30-day appeal period. 129 A.3d at 598. Two days after the appeal period expired, the licensee filed a counseled petition to appeal *nunc pro tunc*, in which he asserted that he confused the effective date of his suspension with the appeal deadline. He further argued that he quickly filed his *nunc pro tunc* petition, that the Bureau would not be prejudiced, and that he had a meritorious defense to the suspension. *Id.* He testified similarly at the *nunc pro tunc* hearing before the trial court. *Id.* In granting *nunc pro tunc* relief, the trial court noted that the appeal was only two days late and that the licensee did not fully understand the suspension notice and misread the appeal

8

deadline. *Id.* at 599. At the subsequent merits hearing, the Bureau failed to prosecute the appeal. The licensee therefore moved to dismiss. The trial court granted the motion and sustained the licensee's appeal. The Bureau appealed to this Court. *Id.*

On appeal, we concluded that the licensee's misunderstanding of the suspension notice was not a non-negligent circumstance justifying *nunc pro tunc* relief. *Id.* at 601. Rather, we concluded that the appeal language in the licensee's suspension notice was unequivocal in advising of the right to appeal and the 30-day appeal period. *Id.*[6] We also charged the licensee with knowledge of the appeal period, which is established by statute. *Id.* We concluded as follows:

> Consequently, we are constrained by precedent to hold that [the Licensee]'s subjective misunderstanding or confusion related to the straightforward appeal language in the Bureau's notice of suspension cannot, by itself, justify extension of the statutorily mandated 30-day appeal period. Although [the Licensee] filed his appeal just two days late, this constituted a jurisdictional defect that appellate courts may not overlook.

---

[6] The appeal notice in *Williamson*, which is substantially similar but not identical to that utilized by the Bureau in this case, provided as follows:

APPEAL

You have the right to appeal this action to the Court of Common Pleas (Civil Division) within 30 days of the mail date, June 26, 2014, of this letter. If you file an appeal in the County Court, the Court will give you a time-stamped certified copy of the appeal. In order for your appeal to be valid, you must send this time-stamped certified copy of the appeal by certified mail to:

Pennsylvania Department of Transportation
Office of Chief Counsel
Third Floor, Riverfront Office Center
Harrisburg, PA 17104-2516.

*Id.* at 601 (emphasis in original removed).

9

In sum, there is nothing extraordinary in the circumstances here, which clearly do not approximate a breakdown of the administrative system. Were this appeal allowed, any claim of confusion could support a *nunc pro tunc* appeal.

*Id.* at 602.

We find *Williamson* to be controlling here. Smith, at most, misunderstood the appeal language in his notice of suspension. He clearly was aware to some degree that an appeal could be filed because he sought legal counsel to assist him with accomplishing the same. Whether his error is construed as ignorance or a misunderstanding, given the clear language in the appeal notice, such ignorance or misunderstanding will not, without more, suffice to establish non-negligent circumstances justifying *nunc pro tunc* relief.[7]

### III. CONCLUSION

In sum, we conclude that the trial court erred and abused its discretion in granting Smith's request to file his statutory appeal *nunc pro tunc*. We accordingly must reverse the trial court's order and direct that Smith's suspension be reinstated.[8]

 

 

 

_____
PATRICIA A. McCULLOUGH, Judge

---

[7] Because we conclude that Smith did not satisfy his burden to establish extraordinary circumstances that would justify an appeal *nunc pro tunc*, we need not consider the question of whether the Bureau was prejudiced by Smith's late filing.

[8] The trial court's order entered September 15, 2021, appears to direct the lifting of both Smith's and the Station's suspensions. The Bureau argues that, because Smith did not appeal the Station's suspension, the trial court had no jurisdiction to grant any relief concerning it. Because we conclude that the trial court erred in granting *nunc pro tunc* relief and therefore was without jurisdiction to consider the merits of either suspension, the issue raised by the Bureau is moot. In addition, although we do not reach the merits of Smith's suspension, we note in passing that the record contains no explanation for how some of the problems with the vehicle, namely, the faulty brake cable, rust, and corrosion holes, did or could have occurred in the two months after the inspection.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James M. Smith          :
                                    :
            v.            :
                                    :    No. 1109 C.D. 2021
Commonwealth of Pennsylvania,    :
Department of Transportation,     :
Bureau of Motor Vehicles,       :
                 Appellant     :

## _ORDER_

AND NOW, this 14th day of September, 2022, for the reasons stated in the foregoing opinion, the order of the Court of Common Pleas of Fayette County entered September 15, 2021, is **REVERSED,** and the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles hereby is directed to **REINSTATE** 1) the six-month suspension of Appellee James M. Smith's certification as an Official Safety Inspector, and 2) the six-month suspension of Smith's Garage's Certificate of Appointment as an Official Safety Inspection Station.

 

_____
PATRICIA A. McCULLOUGH, Judge