IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shanann Stridiron,      :
      Petitioner  :
            :
    v.       : No. 429 C.D. 2024
           : Submitted: February 4, 2025
Unemployment Compensation  :
Board of Review,     :
      Respondent :


BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
     HONORABLE STACY WALLACE, Judge (P.)
     HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE WALLACE        FILED: April 29, 2025


   Shanann Stridiron (Claimant), *pro se*, petitions for review of the April 3, 2024 order (Order) of the Unemployment Compensation Board of Review (Board), which affirmed the Unemployment Compensation Referee's (Referee) corresponding decision (Decision) dismissing Claimant's appeals from 11 Notices of Determinations (collectively, Determinations)[1] issued by the Unemployment

---

[1] The Decision at Referee's docket number 2023008174-AT also addressed Determinations at Referee's docket numbers 2023008175-AT, 2023008176-AT, 2023008177-AT, 2023008183-AT, 2023008185-AT, 2023008186-AT, 2023008187-AT, 2023008188-AT, 2023008189-AT, and 2023008190-AT. Certified Record (C.R.) at 267. Claimant appealed the Referee's Decision at docket number 2023008174-AT. *Id.* at 289. The Referee's Decision at docket number 2023008199-AT contained docket numbers 2023008199-AT, 2023008200-AT, 2023008202-AT,
**(Footnote continued on next page…)**

Compensation Service Center (UC Service Center). The Referee's Decision dismissed Claimant's appeals of the Determinations as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[2] After careful review, we affirm.

## BACKGROUND

Claimant applied for unemployment compensation benefits effective December 27, 2020. Certified Record (C.R.) at 3. On April 3, 2023, the Department of Labor and Industry (Department) issued 18 Determinations finding Claimant ineligible for federal Pandemic Unemployment Assistance (PUA)[3] and Federal Pandemic Unemployment Compensation (FPUC)[4] benefits, both under the Coronavirus Aid, Relief, and Economic Security (CARES) Act,[5] and finding Claimant ineligible for federal Lost Wages Assistance (LWA) under the Robert T. Stafford Disaster Relief and Emergency Assistance Act.[6] *Id.* at 170-99. The Board

---

2023008202-AT, 2023008203-AT, 2023008204-AT, and 2023008205-AT. C.R. at 267. Claimant did not appeal the Referee's Decision at docket number 2023008199-AT. *See id* at 289. Therefore, the Referee's Decision regarding the corresponding Determinations at docket number 2023008199-AT are not before us in this appeal.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

[3] "PUA provides up to 79 weeks of benefits to qualifying individuals who are otherwise able to work and available to work within the meaning of applicable state law, except that they are unemployed, partially unemployed, or unable or unavailable to work due to COVID-19 related reasons . . . ." Office of Unemployment Compensation, Pennsylvania's Pandemic Unemployment Assistant Portal, https://pua.benefits.uc.pa.gov/vosnet/Default.aspx (last visited April 14, 2025).

[4] 15 U.S.C. § 9023(f).

[5] 15 U.S.C. § 9021(h).

[6] 42 U.S.C. § 5174(e)(2).

assessed $43,308.75 in fraudulent overpayments with penalties[7] to Claimant. *Id.* at 209.

On May 16, 2023, Claimant appealed the Determinations to the Referee. *Id.* at 201-38. The Referee conducted a telephone hearing on June 23, 2023. *Id.* at 265. Claimant participated in the hearing *pro se* and was the sole witness to testify. *Id.* at 265-67. In relevant part, the Referee asked Claimant why she did not file an appeal by the deadline stated on the Determinations. *Id.* Claimant did not dispute she received the Determinations by electronic mail (email), which was the method she chose for notifications. *Id*. at 269-70. Additionally, Claimant did not dispute that she failed to appeal on time. *Id.* at 270. Instead, Claimant testified "I'm not going to lie, I thought they was [sic] bogus." *Id.* Claimant conceded her assumption that the Determinations were "bogus" was incorrect. *Id.* Claimant also testified she was not able to log in to her PUA website portal until after the April 24, 2023 appeal deadline passed. *Id.* She indicated that once she was able to log in, she completed the appeal paperwork and sent it by facsimile to the Board. *Id.*

After the hearing, the Referee issued the following findings in his Decision:

1. On April 3, 2023, 11 Determinations were issued denying the Claimant [PUA], [FPUC], & [LWA] benefits, along with fraud overpayments & penalties.

---

[7] Specifically, the Determinations assessed $14,625.00 fraudulent PUA overpayment with a 15% penalty of $2,193.75, $21,000.00 fraudulent FPUC overpayment with a 15% penalty of $3,150.00, and a $1,800.00 LWA overpayment with a 15% penalty of $270.00 for a total amount of $43,308.75. C.R. at 209. We note the Department appears to have miscalculated the amount of the LWA overpayment as the outstanding principal amount of $1,800.00 plus the 15% penalty of $270.00 equals $2,070.00, not $2,340.00. Adding $2,070.00 to the other overpayments and penalties results in an outstanding overpayment of $43,038.75.

2. Copies of these Determinations were emailed to the Claimant's last known email address on the above date and provided in the Claimant's PUA website portal.

3. The Claimant chose email as her preferred notification method.

4. The Claimant received the Determinations but thought they were "bogus."

5. The Determinations informed the Claimant that she had until April 24, 2023, to file an appeal if the Claimant disagreed with the determination.

6. The Claimant faxed her appeal with a fax banner date of May 16, 2023.

7. The Claimant was not misinformed nor in any way misled regarding the right of appeal or the need to appeal.

*Id.* at 276. With those findings, the Referee dismissed Claimant's appeals as untimely under Section 501(e) of the Law. *Id.* at 278. The Referee noted he lacked jurisdiction to consider an appeal filed after the expiration of the statutory appeal period. *Id.* at 277. Additionally, the Referee noted Claimant's negligence in ignoring the Determinations did not extend the appeal deadline. *Id.* Therefore, the Referee dismissed Claimant's appeals.

Claimant appealed the Referee's Decision to the Board. *Id.* at 285-87. In its Order, the Board adopted and incorporated the Referee's findings of fact and conclusions of law. *Id.* at 294-95. The Board noted Claimant "clearly received the emails notifying her about the [Determinations], and failed to file a timely appeal[,]" and remarked that "[c]onfusion is not adequate grounds to allow the appeal to proceed." *Id.* at 295. Accordingly, the Board determined Claimant's appeals were untimely and affirmed the Referee's Decision. *Id.*

4

Claimant now appeals the Board's Order to this Court. On appeal, Claimant challenges the Board's dismissal of her appeals as untimely, as well as the overpayment assessments.[8] *See generally* Claimant's Br. The Board argues it properly dismissed Claimant's appeals of the Determinations as untimely because Claimant did not appeal until after the deadline to do so expired. Board's Br. at 4. Additionally, the Board contends Claimant's late appeals were due to her own negligence in failing to review the Determinations and her mistaken belief that the Determinations were "bogus." *Id.* Therefore, the Board asserts Claimant failed to demonstrate entitlement to *nunc pro tunc* relief. *Id.*

## DISCUSSION

This Court reviews unemployment compensation orders for violations of the claimant's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa.C.S. § 704. We also review whether substantial evidence supports the findings of fact necessary to sustain the decision. *Id.*

The sole issue before this Court is whether Claimant filed a timely appeal from the Determinations. Section 501(e) of the Law directs that a claimant must file an appeal of a determination within 21 days after the "Determination Date" provided on the notice of determination. 43 P.S. § 821(e). A party's failure to file an appeal within the appeal deadline renders a determination final and divests a referee of jurisdiction to consider the merits of an appeal. *Id.*; *Hessou v. Unemployment Comp.*

---

[8] In the Statement of Questions Involved section of her Brief, Claimant states:

    I.     I am asking the court to look at the [e]vidence [t]hat I have provided, and that will show I don't owe any money.

    II.    My hearing ke[pt] getting [d]enied, [b]ecause they said I didn't put my paper[]work in on time, [b]ut the[y are] not [t]rying to hear my reason.

Claimant's Br. at 4.

5

*Bd. of Rev.*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008). However, under extraordinary circumstances, a referee may consider an untimely appeal where the party seeking to file the late appeal demonstrates entitlement to *nunc pro tunc* relief. *Roman-Hutchinson v. Unemployment Comp. Bd. of Rev.*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009). An appeal *nunc pro tunc* may be allowed where a party can demonstrate the delay in filing the appeal was caused by fraud, a breakdown in the administrative process, or non-negligent circumstances. *Carney v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018) (citation omitted). A party carries a heavy burden to justify an untimely appeal. *Id.*

Here, the Determinations informed Claimant that she had 21 days from the date of the Determinations, or until April 24, 2023, to file a timely appeal. Claimant did not file an appeal by that date. The Department received Claimant's appeal via facsimile on May 16, 2023, which was 22 days after the appeal deadline. Claimant argues that while she received the Determinations, she initially thought they were "bogus," but once she discovered the Determinations were valid, she appealed. *See generally* Claimant's Br.; C.R. at 270. However, Claimant's subjective misunderstanding regarding the validity of the Determinations is insufficient cause for a late appeal. *See Williamson v. Dep't of Transp., Bureau of Driver Licensing*, 129 A.3d 597 (Pa. Cmwlth. 2015) (holding a licensee's misunderstanding regarding the appeal language in a notice of license suspension cannot justify an extension of the statutory appeal period). Claimant failed to demonstrate that fraud, a breakdown in the administrative process, or non-negligent circumstances beyond Claimant's control caused her late appeals. Accordingly, Claimant is not entitled to *nunc pro tunc* relief. Substantial evidence in the record supports the Board's findings that Claimant failed to timely appeal the Determinations to the Referee.

6

## CONCLUSION

Claimant did not appeal within 21 days of the Determinations, and consequently, her appeals were untimely. Additionally, Claimant failed to establish entitlement to *nunc pro tunc* relief. Accordingly, the Board did not err, and we affirm the Board's order dismissing Claimant's appeals as untimely under Section 501(e) of the Law.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shanann Stridiron, :
                 Petitioner :
                                           :
           v. : No. 429 C.D. 2024
                                             :
Unemployment Compensation :
Board of Review, :
                  Respondent :

# **O R D E R**

**AND NOW**, this 29th day of April 2025, the April 3, 2024 order of the Unemployment Compensation Board of Review is **AFFIRMED**.

_____
STACY WALLACE, Judge