| Ellen L. Goldstein, | | : | **CASES CONSOLIDATED** |
| | Petitioner | : | |
| | | : | Nos. 457 C.D. 2024 |
| v. | | : | 458 C.D. 2024 |
| | | : | 459 C.D. 2024 |
| Unemployment Compensation | | : | 460 C.D. 2024 |
| Board of Review, | | : | 461 C.D. 2024 |
| | Respondent | : | Submitted: April 8, 2025 |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE STACY WALLACE, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                    FILED:  May 15, 2025


Ellen L. Goldstein (Goldstein), *pro se*, petitions for review of the Unemployment Compensation (UC) Board of Review's (Board) March 29, 2024 orders affirming the UC Referee's decisions that dismissed Goldstein's appeals as untimely under Section 501(e) of the Pennsylvania UC Law (Law).[1]  After review, we affirm.

## I.    Factual and Procedural Background

On September 1, 2021, the Department of Labor & Industry (Department) sent Goldstein a Pandemic Unemployment Disqualifying Determination (Disqualifying Determination) finding her ineligible for Pandemic Unemployment

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

Assistance (PUA) benefits. Certified Record (C.R.) at 175. The Disqualifying Determination explained Goldstein was ineligible for benefits because she failed to provide the required documents. *Id.* Also on September 1, 2021, the Department sent Goldstein Notices of Determination of Non-Fraud Overpayments for PUA, Federal Pandemic Unemployment Compensation (FPUC), and Lost Wage Assistance (LWA) benefits (collectively, the Overpayment Determinations). *Id.* at 3, 43, 83, 122. The Overpayment Determinations stated Goldstein was overpaid benefits in the amount of $8,385, $10,500, and $1,800, respectively. *Id.*

The Department mailed copies of the Disqualifying Determination and Overpayment Determinations (collectively, the Determinations) to Goldstein at her last known address. *Id.* at 17 ¶ 5. No mail was returned as undeliverable. *Id.* at 26. The same day, the Department posted the Determinations to Goldstein's PUA website portal. *Id.* at 17 ¶ 5. Goldstein verified she received and reviewed the Determinations on or about the day they were issued. *Id.* at 17 ¶ 6. The Determinations informed Goldstein she had until September 16, 2021, to file an appeal if she disagreed with the Determinations.[2] *Id.* at 17 ¶ 8.

Goldstein filed an appeal on March 8, 2022. *Id.* at 17 ¶ 10. The UC Referee held a hearing on July 7, 2022, at which Goldstein testified. *Id.* at 258-59. The Referee issued a decision dismissing Goldstein's appeal as untimely. Goldstein appealed the Referee's decision to the Board. On March 29, 2024, the Board issued a decision affirming the Referee. The Board agreed with the Referee's finding that Goldstein's filing was late, and it further noted Goldstein did not prove her

---

[2] This date for appeal listed on the Determinations was incorrect. Our General Assembly extended the appeal period in Section 501(e) of the Law from 15 days to 21 days pursuant to the Act of June 30, 2021, P.L. 173, effective July 24, 2021. In fact, Goldstein had until September 22 to file an appeal of the Determinations. The incorrect date is of no consequence to our determination.

2

untimeliness "was caused by fraud, administrative breakdown, or non-negligent conduct." *Id.* at 26. Goldstein timely filed petitions for review of the Board decision with this Court. Thereafter, on June 11, 2024, this Court issued an order consolidating the cases.

Goldstein raises the following two questions on appeal. First, she questions whether she is responsible for repayment of PUA benefits. Next, she asks this Court to consider whether her appeal should be accepted despite her late filing. We address Goldstein's second issue first, as it is dispositive.

Goldstein argues her late filing was not intentional. Pet. for Review, Attach. Goldstein admits she filed her appeal late, but explains it was because she had "confusion with the appeal process." Goldstein's Br. at 5.[3] She states she "was not aware of what an appeal was or how the appeal process works" and she found the paperwork "very confusing and overwhelming." *Id.* at 8. Ultimately, she requests this Court excuse her untimeliness and reverse the Board's Order.

## II. Discussion

In reviewing UC orders, this Court considers whether the adjudication is supported by substantial evidence and whether it violates a claimant's constitutional rights, the law, or agency practice or procedure. 2 Pa.C.S. § 704. In Board decisions, the Board is the ultimate fact finder and its findings "are conclusive on appeal so long as the record, when viewed in its entirety, contains substantial evidence to support [its] findings." *W. & S. Life Ins. Co. v. Unemployment Comp. Bd. of Rev.*, 913 A.2d 331, 334 n.2 (Pa. Cmwlth. 2006). Substantial evidence is "relevant evidence upon which a reasonable mind could base a conclusion." *Johnson v. Unemployment Comp. Bd. of Rev.*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986). The

---

[3] Goldstein's brief is not paginated, and we use electronic pagination for ease of reference.

3

mere fact that record evidence "could support a contrary conclusion" does not mean the Board's "findings of fact are not supported by substantial evidence." *Johnson v. Unemployment Comp. Bd. of Rev.*, 504 A.2d 989, 990 (Pa. Cmwlth. 1986). We review the record evidence "in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonable be drawn." *U.S. Banknote Co. v. Unemployment Comp. Bd. of Rev.*, 575 A.2d 673, 674 (Pa. Cmwlth. 1990).

In this case, the Referee dismissed Goldstein's appeals as untimely under Section 501(e) of the Law. Section 501(e) of the Law directs claimants to file an appeal within 21 days of receiving a notice of determination from the Board. See 42 P.S. § 821(e). A determination "becomes final, and the Board does not have the requisite jurisdiction to consider" an appeal once the deadline lapses. *Darroch v. Unemployment Comp. Bd. of Rev.,* 627 A.2d 1235, 1237 (Pa. Cmwlth. 1993). Even "an appeal filed one day after the expiration of the statutory appeal period must be dismissed as untimely." *Dumberth v. Unemployment Comp. Bd. of Rev.*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003). Significantly, failure to appeal before the mandatory deadline creates a jurisdictional defect this Court cannot overlook even "as a matter of grace or indulgence." *Carney v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018).

At the hearing before the Referee, Goldstein explained she submitted her appeal "within the deadline period," however, the documents she provided showed she filed her appeal to the Determinations on March 8, 2022. *See* C.R. at 262, 201. The Board found "Goldstein provided a certified mail receipt proving the filing of AN appeal on January 7, 2022, but this evidenced a mailing date of the claimant's

4

appeal of a January 1, 2022,[4] determination, not the September determinations at issue here." *Id.*at 26. Even if the mail receipt did document an appeal of the Determinations, this appeal nevertheless would be untimely as it was more than 21 days beyond the date of the Determinations. In her Notice of Appeal to the Board, Goldstein states she has a receipt for paperwork mailed September 9, 2021. *Id.* at 289. Our review of the record reveals no such receipt.

Although we may sympathize with Goldstein, the law is clear the time periods for appeal, "even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action." *Dumberth*, 837 A.2d at 681. Nevertheless, Goldstein asks this Court, as she did the Board, to excuse her untimely filing.

We acknowledge in limited circumstances, a time limitation can be waived and an appeal considered timely as *nunc pro tunc*, or "now for then." *See Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). An appeal *nunc pro tunc* is warranted only in extraordinary circumstances involving fraud or a breakdown in the court's operation, or where the delay is caused by non-negligent circumstances. *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1131 (Pa. 1996).

Although Goldstein did not specifically request *nunc pro tunc* relief, the Board nonetheless addressed the factors justifying such an extension. The Board found Goldstein failed to prove her untimeliness was "caused by fraud, administrative breakdown, or non-negligent conduct." C.R. at 26. For the first two considerations, there is no evidence of record, nor did Goldstein allege, fraud or a breakdown in court operations. Non-negligent circumstances will justify an appeal

---

[4] The date of the Determination was January 4, 2022. *See* C.R. at 227.

*nunc pro tunc* only in unique and compelling cases in which the appellant has clearly established she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from doing so successfully. *See Cook,* 671 A.2d at 1132. The record does not contain sufficient evidence Goldstein attempted to timely file an appeal and was hindered in any way. While Goldstein posits her confusion and unfamiliarity with the system caused her to file after the deadline, this is not an unforeseeable and unavoidable event justifying *nunc pro tunc* relief. Goldstein's "subjective misunderstanding and confusion related to the straightforward appeal language" does not, without more, justify extension of the mandatory appeal period. *Williamson v. Dep't of Transp., Bureau of Driver Licensing*, 129 A.3d 597, 602 (Pa. Cmwlth. 2015). If it did, "any claim of confusion could support a *nunc pro tunc* appeal." *Id.*

We conclude Goldstein's appeal was untimely, and the record does not support Goldstein was entitled to any extension of the deadline for filing her appeal. Accordingly, the Board did not err in affirming the Referee's decision that dismissed Goldstein's appeal as untimely.[5]

---

[5] We note Goldstein is not without further recourse regarding the Overpayment Determinations of PUA, FPUC, or LWA. As provided in each of the Overpayment Determinations, Goldstein may seek a waiver from the Department of any repayment obligations by submitting the appropriate Overpayment Waiver Questionnaire (Form UC-1656). *See* C.R. at 5, 45, 84,123. The record demonstrates Goldstein submitted a waiver request on August 31, 2021, for an overpayment of PUA benefits in the amount $8,385. *Id.* at 217. In response, Goldstein received a Disapproved Waiver Request. *Id.* If Goldstein is dissatisfied with the Department's existing or future waiver determinations, she "may appeal or submit a new request if [her] financial circumstances change." *Id.* at 5, 45, 84, 123.

## III. Conclusion

For the foregoing reasons, we affirm the Board's orders.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ellen L. Goldstein,           : **CASES CONSOLIDATED**
            Petitioner    :
                           : Nos. 457 C.D. 2024
        v.                    :        458 C.D. 2024
                           :        459 C.D. 2024
Unemployment Compensation    :        460 C.D. 2024
Board of Review,              :        461 C.D. 2024
            Respondent  :

# **O R D E R**

    **AND NOW**, this 15th day of May 2025, the Unemployment Compensation Board of Review's March 29, 2024 orders are **AFFIRMED**.

 

_____
STACY WALLACE, Judge